### TAYLOR v. WHITEHEAD.
### No. 13271.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 29, 1935.

Shropshire & Bankhead, of Weatherford, for appellant.

Estes & Estes, of Granbury, for appellee.

DUNKLIN, Chief Justice.

R. M. Whitehead instituted this suit in the county court of Hood county against W. D. Taylor to recover double the amount of usurious interest alleged to have been collected from him by defendant. It was alleged that plaintiff resides in Hood county and the defendant resides in Parker county.

Defendant pleaded his statutory privilege to be sued in Parker county, where he resides. That plea being in statutory form, the burden was upon plaintiff to overcome it by filing a controverting plea, under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the county court of Hood county. Article 2007, Rev.Civ.St.

By article 5069, Rev.Civ.St., a contract for payment of interest in excess of 10 per cent. per annum is usurious. By article 5073, it is provided that one who has paid usurious interest may recover double the amount of such interest "in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

As shown by plaintiff's original petition, it was alleged that defendant had collected $213.81 interest on certain promissory notes and a deed of trust given to secure same, described in the petition, which, according to allegations in the petition, stipulated for payment of interest on indebtedness evidenced by those notes, at a rate of interest in excess of 10 per cent. per annum, and payable in Parker county, and plaintiff prayed for recovery of double that amount so collected.

In plaintiff's controverting plea, under oath, the provisions of article 5073 were specifically invoked, with further allegations that plaintiff was seeking a recovery of double the amount of usurious interest paid to defendant on a certain note and deed of trust executed by plaintiff in Hood county, where the suit was instituted, and that at the time of their execution Hood county was and still is plaintiff's place of residence.

The court overruled a general demurrer and several special exceptions to the controverting affidavit. Defendant's plea of privilege and controverting affidavit were then heard on their merits, and this appeal is by the defendant from an order overruling his plea of privilege.

The court's order from which the appeal is prosecuted contains these findings: "And neither of the parties having offered any evidence in support of their respective pleas other than the sworn pleadings in the case and the court asked the attorneys where said contract was executed and where the plaintiff resided and the attorney for plaintiff said in open court that said contract was executed in Hood County, Texas, and that the plaintiff lived in Hood County, Texas, and that the plaintiff's attorney stated in open court that he presumed the contract was drawn in Parker County, Texas; that he did not see it drawn but takes it that it was drawn in Parker County, Texas; and it appearing to the Court that as to the said defendant's plea of privilege, the law is with the plaintiff and against the defendant and that said plea of privilege should be in all things overruled and denied."

Appellant relies upon numerous decisions announcing the rule that in order to overcome a plea of privilege in statutory form, plaintiff must introduce evidence sufficient, prima facie, to show a meritorious cause of action against the defendant as one of the facts necessary to be established to confer venue in the county where the suit is pending. Some of those decisions are: Ray v. W. W. Kimball Co. (Tex.Civ.App.) 207 S. W. 351; Austin, Banking Commissioner v. Bearden (Tex.Civ.App.) 18 S.W.(2d) 856; Meadows & Co. v. Turner (Tex.Civ. App.) 270 S.W. 899; Citizens' Nat. Bank of Waco v. Del Rio Bank & Trust Co. (Tex. Civ.App.) 11 S.W.(2d) 242; Fuston v. Fort Worth & D., S. P. City Railway Co. (Tex. Civ.App.) 68 S.W.(2d) 518; Yantis v. Gilliam (Tex.Civ.App.) 62 S.W.(2d) 173; and many other decisions cited in those cases. Independently of the existence of other venue facts, it is but just that the defendant be not required to answer a suit in a county other than that of his residence unless plaintiff can introduce proof sufficient, prima facie, to show a right of recovery in the first instance.

In accordance with that rule of decisions, the assignment of error to the failure of plaintiff to introduce evidence sufficient, prima facie, to show a meritorious cause of action is sustained. And we deem it proper to note further that it is at least reasonably doubtful that the controverting plea was sufficient, in that it fails to set out specifically the terms of the notes and deeds of trust on which the plea of usury is based, so that the trial court could determine

718

whether or not it did provide for payment of interest at a greater rate than 10 per cent. per annum, allegations upon that point being mere conclusions; and the affidavit further fails to allege the amount of usurious interest paid. Nor was plaintiff's petition made a part of the controverting plea.

Decisions are cited by appellee, such as Nolen v. Harding (Tex.Civ.App.) 235 S.W. 687; Hermer v. Monnig Dry Goods Co. (Tex.Civ.App.) 77 S.W.(2d) 895, and Koch v. Roedenbeck (Tex.Civ.App.) 259 S.W. 328, holding that the character of plaintiff's suit, brought in question by a plea of privilege, is for determination by the court as a question of law, and plaintiff is not required to introduce evidence to show such. But we believe those decisions are not in point here, since the character of plaintiff's suit is not challenged on venue grounds by any of the assignments of error.

Accordingly, the judgment of the trial court overruling defendant's plea of privilege is reversed, and judgment is here rendered sustaining that plea. And this decision will be certified to the court below, with instructions to the clerk of that court to make up a transcript of all the orders made in that court, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the county court of Parker county, to which the venue of the case is hereby changed.