**Ellie ZIRLOTT et ux., Appellants,**

v.

**COMMERCIAL CREDIT CORPORATION,**
Appellee.

No. 12911.

Court of Civil Appeals of Texas.

Galveston.

Dec. 22, 1955.

Cain & Cain, and Frank Turner, Liberty, for appellant.

Painter, Painter & Cook, and J. H. Painter, Jr., Houston, for appellee.

CODY, Justice.

This is a plea of privilege case. It was brought by Ellie Zirlott and wife, Mary Zirlott, against the Commercial Credit Corporation which held a chattel mortgage for the sum of about $900 on an automobile belonging to the Zirlotts. The indebtedness secured by said chattel mortgage became in default and on February 7, 1953, defendant sent a representative to see the plaintiff, Ellie Zirlott, at his residence in Chambers County, to collect the amount of the indebtedness which was so in default or to repossess the automobile. Plaintiffs alleged that defendant's said representative, upon the occasion in question, by his conduct and language caused Mrs. Zirlott, who was alone at the time in plaintiffs' home and known to defendant's representative to be sick, mental pain and anguish and physical injuries and suffering to the extent of some $48,000.

The plea of privilege which was filed by defendant duly set up that Harris

County was its residence and this plea was duly controverted. By their controverting affidavit plaintiffs sought to hold venue in Chambers County by virtue of Subdivisions 9, 9a, and 21 of Art. 1995, V.A.T.S. After a hearing on the contest, the court sustained defendant's plea, and ordered the cause transferred to the District Court of Harris County.

Plaintiffs have appealed and predicate their appeal on four points which, in substance, are: (1) the court erred in sustaining the plea of privilege because the pleadings and uncontradicted evidence were sufficient to establish that the defendant, through its representative, committed a trespass which was the proximate cause of Mrs. Zirlott's injuries, and (2) the court erred because plaintiffs' evidence was uncontradicted that Mrs. Zirlott sustained severe injuries as a result of defendant's representative making a wilful trespass while attempting to collect the money due on said automobile or to repossess it, and in such connection threatening Mrs. Zirlott with physical harm and cursing her and implying that he could have her arrested, and shaking his finger in her face and taking the keys to the automobile from inside the house without plaintiffs' consent, the said representative at the time well knowing that Mrs. Zirlott was sick.— Plaintiffs' points 3 and 4 charge that the acts of the agent in question were negligence which was a proximate cause of Mrs. Zirlott's injury and that the undisputed evidence showed that said agent acting in the scope of his authority negligently committed the acts which resulted in the damages sued for.

We overrule plaintiffs' said points.

■ We first comment that it is well settled that in order to overcome the plea of privilege in statutory form, plaintiff must make out a case against the defendant as one of the facts necessary to be established to confer venue in the county where the suit is pending. Taylor v. Whitehead, Tex.Civ.App., 88 S.W.2d 716; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 and Ray v. W. W. Kimball Company, Tex.Civ.App., 207 S.W. 351; 43-b Tex. Jur. 391, Sec. 158.

Plaintiffs introduced into evidence certain admissions made by defendant in response to plaintiffs' request for admissions. Defendant admitted that on or about February 7, 1953, one of their representatives was sent to see the plaintiffs and that the said representative on said date called at the home of plaintiffs in Chambers County. Defendant further admitted that upon said date it repossessed the automobile in question.

■ Plaintiffs further introduced into evidence a letter of defendant's counsel to plaintiffs' counsel dated March 2, 1953, and introduced in addition certain other documentary evidence which has no bearing upon this appeal. Aside from such evidence the only evidence introduced by plaintiffs was the testimony of Mrs. Zirlott. The defendant introduced no evidence, but the judgment rendered was not rendered on a demurrer to the evidence but the court acting as the trier of the facts, and plaintiffs' counsel quite properly admits that it must be presumed that the trial court found every issuable fact necessary to sustain the judgment in favor of defendant which was raised by the pleadings and the evidence and that, accordingly, the judgment of the trial court must be sustained "on any reasonable theory supported by the evidence and authorized by the law."

Plaintiffs' evidence in substance came to this: that when defendant's representative called at appellants' home he found Mrs. Zirlott there, but her husband was away at work. He then demanded the payment of the amount of the indebtedness in default ($175) or stated that otherwise he would take the automobile. He then left the house without either collecting or taking the automobile, but returned again in some thirty minutes and demanded to know why plaintiffs had put new tires on the car. This time he told her he was going to take the car, to which Mrs. Zirlott replied that he had better not take it until her husband returned. Defendant's representative

(whose name was unknown to plaintiffs) then told Mrs. Zirlott he was going to see her husband on the job. But he then shortly returned and, according to the evidence of Mrs. Zirlott, she locked the door. However, there is no showing that the representative broke and entered and we are not authorized under the evidence to conclude that he forcibly entered the third time against the will of Mrs. Zirlott. On this third occasion he demanded why she bought tires and batteries when the car was not paid for. He also told her he could call the law and have her put in jail, also rolled his fist up and struck at her direction, or shook his finger at her, and demanded of her the keys to the car. He then took the keys which were in plain sight, got in the car and went his way and she saw him no more. The evidence showed that she told him that she was sick and she testified that she was greatly upset and caused to become nervous and start shaking, and that she then felt a place burning in her stomach, and testified that this burning sensation did not exist in any manner prior to February 7, 1953, and that it continued up to the time of her recent operation in March of 1955, and since the said operation she had ceased to have the burning pain in her stomach. In this connection it is to be noted that in the early part of January, before defendant's representative called upon her, she had had her womb removed.

The defendant, of course, did not cause its representative to appear at the court and cast any light upon the happenings on the occasion in question, and the court would have been warranted in concluding that Mrs. Zirlott's testimony as to what the representative did and said was true. See 17 Tex.Jur., page 926, et seq., showing the effect of the testimony of a party to a suit. However, the testimony of Mrs. Zirlott was not clear and of such a character as would compel the court to accept it as true. There was no medical testimony to show that the happenings on the occasion in question would probably have caused a burning in her stomach and it was within the province of the court as

the trier of the facts to reject the testimony of Mrs. Zirlott as being incredible, and her physical condition, according to her own testimony, would reasonably bear the inference that such pain and disability as she might have suffered resulted from her female troubles.

Plaintiffs have undertaken to bring their case within the ruling made in the late case by the Supreme Court of Duty v. General Finance Company, 273 S.W.2d 64. In that case the court in effect held that plaintiffs' pleadings failed to make out a case of any liability. The court here sustained no exceptions and assumed that the pleadings did make out a case of liability but evidently concluded that the evidence failed to do so.

Judgment affirmed.