W. R. THOMPSON et ux., Appellants,

v.

Reba Taylor HAGUE, Individually and as Trustee, et vir, Appellees.

No. 16937.

Court of Civil Appeals of Texas.

Fort Worth.

June 21, 1968.

Rehearing Denied July 19, 1968.

Eggers, Sherrill & Pace, Wichita Falls, Malouf & Musslewhite, and David C. Musslewhite, William VanDercreek, Dallas, for appellants.

Douthitt & Ritter, and Robert Ziesenheim, Wichita Falls, for appellees.

## OPINION

MASSEY, Chief Justice.

Venue case. Appeal is from an order overruling defendants' pleas of privilege.

The exception to the general statute, Vernon's Ann.Tex.St. Art. 1995, "Venue", under which plaintiffs sought to retain venue in Wichita County was V.A.T.S. Art. 5073, "Action on usurious rate (of interest)", which reads: "Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

Relative to the question of venue in cases contemplated by the foregoing article see Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867. Therein it is stated: "* * * the burden was on the plaintiff both to allege and to prove as venue facts one of the following: (1) That the defendant's domicile was in Young county; (2) that usurious interest was received or collected in Young county; (3) that the usurious contract was entered into in Young county; (4) that the party who paid the usurious interest resided in Young county when the contract was made."

■ Under the particular fact situation evident in the instant controversy the retention of venue in Wichita County depended upon allegation and proof made by the plaintiffs: (1) that usurious interest was paid by the plaintiffs to the defendants; (2) that at time of execution of the contract, under and by reason of which such interest was paid, plaintiffffs resided in Wichita County; and (3) that the contract provided for the payment of interest at a usurious rate. Where the question goes to whether the nature of the obligation is usurious it is determinable as of the time it is entered into. 55 Am.Jur., p. 387, "Usury", § 93, "Generally".

As applied to the above paragraph the term interest would be synonymous with monetary value of the consideration which plaintiffs obligated themselves to deliver to defendants in exchange for the loan by the defendants. We are concerned with the amount contractually prescribed to be exacted for the use, detention, or forbearance of the collection of such loan.

■ From the evidence before the trial court it is readily determinable that usurious interest was paid by *or in behalf* of plaintiffs to the defendants under and by reason of an existent contract entered into by the plaintiffs in Wichita County on June 19, 1964 when they were residents of that county. The determinative question remaining is whether, under the evidence adduced upon hearing, the contract is proper to be construed as having provided for interest to be paid at a usurious rate. Allegations of the plaintiffs raised the issue. We are satisfied that the evidence met the requisites of law that plaintiffs establish a prima facie case upon the usury alleged plus venue facts enabling such construction of the parties' contract. The trial court's order overruling the defendants' pleas of privilege is adequately supported.

Established was the following: Upon the promotion of a third person, who desired to obtain approximately $30,000.00 from the plaintiffs, a loan from defendants to plaintiffs in the amount of $40,000.00 was arranged. Plaintiffs and defendants held no conferences or discussions as between themselves preliminary to consummation of their loan transaction. Pursuant thereto the third person obtained his $30,000.00 from the plaintiffs and departed. For the $40,000.00 cash received from the defendants plaintiffs, on June 19, 1964, executed a note in said amount, free of interest, payable to defendants on or before April 30, 1969. Said date, April 30, 1969, was the termination date of an existent lease of business property belonging to plaintiffs—which lease provided for a monthly monetary rental payable to them in the sum of $666.67 (an annual rental of approximately $8,000.00). The plaintiffs executed a Deed of Trust covering their interest in the aforementioned business property as security for the note delivered to defendants. As additional consideration the plaintiffs executed and delivered to defendants an "Assignment of Lease Revenues" upon the leased business property during the term of the lease or during the period in which the $40,000.00 might continue owing or to be a subsisting indebtedness under the note. In the assignment of lease revenues the final paragraph read as follows: "It is understood and agreed by and between the parties hereto that the assignment of the rents and revenues on the above described property is a bonus payable to W. R. Thompson and Betty Ann Thompson in lieu of interest on said first lien note executed by me and said rents and revenues hereby assigned shall not be applied to nor credited to the payment of the principal on said note. Provided, that upon payment of said first lien note in full, this assignment shall become null and void and all rights and title to the rents and revenues from the above described lease shall revert to and be vested in the said Reba Taylor Hague." Oral evidence was in accord. It was furthermore obvious that the defendants were fully aware of the provisions of the lease on the plaintiffs' property and the identity of the lessee thereunder. Defendants collected the rentals accruing thereunder until about July 19, 1967 when plaintiffs sued defendants. At time the contract was made the defendants fully expected to make such collections of accrued rental, in full and as rent accrued.

■ The legal question involved has been the subject of annotation in American Law Reports. See 16 A.L.R.3d, p. 475, Annotation: "Agreement for share in earnings of or income from property in lieu of, or in addition to, interest as usurious." In particular see cases under sections 7, 5 and 8. See also 55 Am.Jur., p. 337, "Usury", sub. B, "Loan or Forbearance of Money", § 19, "Agreement to Share in Earnings in Lieu of Interest" and § 38, "Agreement that

Lender Shall Receive Property or Services". Therefrom it appears to be the general rule that a plaintiff has established his case, *as applied to a demonstration that the nature of the obligation contracted was usurious,* when his evidence entitles the fact finder to conclude that the parties contemplated that an amount exceeding legal interest was to be paid,—or, as to something other than money to be paid, that the value thereof was not contingent or speculative and was so palpably in excess of legal interest as to show an intent to evade the usury law. It is our conclusion that plaintiffs' case was estalished under the general rule and under Art. 5073, V.A.T.S. That payments were made by plaintiffs' lessee and not by plaintiffs themselves is of no consequence for the payments were made *in behalf of* plaintiffs and therefore would in law be the same as if made by plaintiffs.

Theory under which defendants request that we reverse the judgment of the trial court lies in the contention that the determination of whether the payment of usury could be considered as having been provided for by the parties' contract depended upon evidence showing the fair market value of the property right transferred at the time it was received, and that there was no evidence showing such value. They say that the right they acquired, to collect future rentals, had a market value as of the time it was received and that the plaintiffs should have borne the burden of proving the amount of such value, but the judgment of the trial court should be reversed because of a complete want of proof of value. In support of their theory the defendants cite Gibson v. Hicks, 47 S.W.2d 691 (El Paso, Tex.Civ.App.1932, error refused) and

Stewart v. Briggs, 190 S.W. 221 (Texarkana, Tex.Civ.App., 1916, no writ hist.), cases wherein consideration delivered in satisfaction of loan indebtedness (as to both principal and interest) was received in the form of corporeal property, title being transferred from borrower to lender.

We do not consider that the cases upon which the defendants rely have controlling application. Here we do not have a transfer of title and/or possession of property in fee or for some particular term—to be coupled with a right of use. Neither do we have anything paid or received in satisfaction of the principal or any part thereof. Rather do we have a transfer of right to receive proceeds from the use of property rightfully possessed by a third person with correlative duty of delivering up accruable rentals as consideration therefor. In such a circumstance the market value of the property would not be matter with which a court would be concerned.

In entering its order overruling the defendants' pleas of privilege the trial court relied upon Curnutte v. Houston, 163 S.W. 2d 675 (San Antonio, Tex.Civ.App., 1942, writ ref. w. o. m.) and Pickrell v. Alpha Pipe & Steel, Inc., 406 S.W.2d 956 (Amarillo, Tex.Civ.App., 1966, writ ref. n. r. e.). Such cases we consider authoritative though neither was upon an appeal from an order fixing venue.

We believe that the discussion hereinabove fully covers all points of error advanced. In any event all of defendants' points of error have been severally considered and are severally overruled.

Judgment is affirmed.