**Paul DONALD, Appellant,**

v.

**AGRICULTURAL LIVESTOCK FINANCE CORPORATION, Appellee.**

No. 17408.

Court of Civil Appeals of Texas, Fort Worth.

May 18, 1973.

Callaway & Marshall, Fort Worth, Anderson & Farr, Wichita Falls, and J. M. Donald, Jacksboro, for appellant.

T. B. Coffield, Bowie, Vinson, Elkins, Searls, Connally & Smith, Jarrel D. McDaniel, and Ben H. Sheppard, Jr., Houston, for appellee.

## OPINION

MASSEY, Chief Justice.

Plea of Privilege of Agricultural Livestock Finance Corporation, hereinafter termed Agricultural, was sustained, with the suit of Paul Donald against it transferred from Montague County, Texas to a District Court in Deaf Smith County. Donald appealed.

Reversed.

Originally a suit was filed by Donald against W. J. Oxford, Trustee, and other defendants for $50,000.00 in damages or restoration of title to certain land. The original defendants filed their suit by way of cross-action against Donald. Donald then joined Agricultural in the suit by his cross-action against it for damages of $105,401.68 as an indebtedness amount failed to be credited to Donald and which, allegedly, played some part in the litigation as evolved upon the cross-action against him by the other original defendants. Agricultural had acquired title to certain land by foreclosure of Deeds of Trust securing indebtedness owed by Donald. Pursuant to the foreclosure there had allegedly been a deficiency. One of the original defendants (who had acquired right thereto as against Donald by purchase) had interposed suit by cross-action against Donald for the alleged deficiency. Question of "innocent purchaser without notice" seems absent in any pleading.

It was at this stage that Donald's suit against Agricultural was instituted. By his cross-action Donald sought of Agricultural a judgment for overpayments on indebtedness allegedly made but for which he had not been granted credit, and for usury. He was also seeking entitlement by way of an offset against the amount sought of him on the claim of deficiency.

Service upon Agricultural was attempted, and, under the record was had against one who later proved to be a person who had no connection with such cross-defendant. In other words it appeared from the return on the citation that Agricultural was brought into court as a party cross-defendant when such, in fact, had not been done.

April 7, 1972 a default judgment was taken by Donald against Agricultural on the strength of the purported service. By instruments of pleading filed April 11, 1972 Agricultural sought to obtain vacation of the default judgment. Subsequently there was an order entered which did vacate the default judgment.

Of the action vacating the default judgment there is no complaint, but Donald seeks to claim an advantage because of the fact that there had been a filing of the motion pursuant to which it was vacated. The contention is that by filing the same a general appearance as defendant in the case on cross-action had been made by Agricultural. The advantage claimed under the contention is that Agricultural thereby lost the right to have it later filed Plea of Privilege considered, with corresponding

loss of any right to have the case against it transferred.

Filed at the same date were other pleadings, including Agricultural's Plea of Privilege filed "subject to" a pleading termed as "Special Appearance to Present Motion to the Jurisdiction". Texas Rules of Civil Procedure 120a, "Special Appearance". As it developed Agricultural was not such a party as was entitled to claim any benefit by Rule 120a. This Donald agrees, even contends, to be the case. However, Donald seeks to claim an advantage because of the fact that such instrument had been filed. His contention is that Agricultural thereby lost the right to have considered its Plea of Privilege filed at the same time though "subject thereto" with corresponding loss of any right to have the case against it transferred. Donald's insistence is that Agricultural is placed in the position of one having made a general appearance. In other words, says Donald, a plea of privilege is a dilatory plea, and such character of pleading may not be filed or if filed is in law of no effect, after there has been a general appearance.

Generally, the advantage claimed by Donald is the same whether applied to Agricultural's motion to vacate the prior judgment, or to the instrument filed under Rule 120a.

April 11, 1972 Agricultural filed two instruments, as follows: (1) one entitled "Motion to Set Aside and Vacate Judgment by Default", in which it admitted that Donald had filed suit by way of an original cross-action against Agricultural, which was thereby brought into a suit involving Donald and others though service of citation upon it not yet obtained; and (2) another entitled, by successive sections, as follows: "Special Appearance to Present Motion to the Jurisdiction", "Plea of Privilege", and "Original Answer of Cross Defendant Agricultural Livestock Finance Corporation."

On hearing the trial court granted the Motion to Set Aside and Vacate Judgment by Default. Such action by the court is not attacked by Donald. Mention might be made, however, that the showing alleged and made on hearing was that one Risher Randall, him upon whom service of citation was had of the Donald suit against Agricultural, had no connection with such cross-defendant and that the purported service of citation was ineffectual.

■ A contention of Donald is that by filing the "Motion to Set Aside and Vacate Judgment by Default" Agricultural should be held to have made a general appearance in the case and that the effect of such general appearance operated to foreclose Agricultural's right to file a plea of privilege. We overrule the contention. This court has already held against this character of contention. Yell v. Prock, 238 S.W.2d 238 (Fort Worth Civ.App., 1951, writ dism.). See also Turner v. Ephraim, 28 S.W.2d 608 (El Paso Civ.App., 1930, no writ hist.).

In the "Special Appearance to Present Motion to the Jurisdiction" the allegation was like unto that of the "Motion to Set Aside and Vacate" in that by verified allegation it was plead that Agricultural "is not amenable to the process issued by the Court in this cause in connection with the Cross Action" because the authorization of the instructions of the citation and the purported service thereunder named and was not served upon any person sufficient to give the court jurisdiction over Agricultural. The prayer of the motion is important, and we quote a portion, viz: ". . . Cross Defendant prays . . . the citation and return issued and made herein as against it be quashed and that the Cross Action be dismissed for want of jurisdiction over the person of Cross Defendant".

The Plea of Privilege contained in its first paragraph the provision that it was subject to the "special appearance" theretofore filed, to be considered solely in the event the same be overruled. It continued in the customary time-honored form for pleas of this character. The Original Answer of Agricultural was in its first para-

graph stated to be "subject to its Special Appearance, and further subject to its Plea of Privilege . . . ."

■ To dispose of the immaterial portion of the instrument denominated as a "special appearance" we will remark that it was intended to be filed under the provisions of T.R.C.P. 120a, "Special Appearance". That particular Rule of Civil Procedure was without application by reason of the fact that Agricultural was admittedly subject to the jurisdiction of the trial court, or in any event subject to its potential jurisdiction, it being domiciled in Texas. The Rule has application only in an instance where a defendant seeking to take advantage thereof may make such character of appearance on the ground that such party or property is not amenable to process issued by the courts of this State, i. e. in instances where it is claimed that not even "potential" jurisdiction exists. See E. Wayne Thode: Special Appearance, 42 Texas Law Review, 279; and General Commentary under Rule 120a. On this the parties were not in dispute at time of oral argument before this court.

■ Donald seeks to take advantage of the fact that such instrument was filed, albeit the impropriety for Agricultural to claim benefit under Rule 120a, by insisting that what Agricultural intended as a "special appearance" had become converted into a general appearance, as by the ordinary plea in abatement. In other words Donald contends that by reason of the "slip" or mistake of Agricultural thereby was foreclosed the right to later file and have considered any plea of privilege. Essentially the claim is that under the rules relative to "due order of pleading" a defendant's inability to qualify as one entitled to make a "special appearance" under Rule 120a result in a waiver of any right to thereafter file a plea of privilege.

We reject the contention. By old "Hornbook Law", as exemplified in Townes' Texas Pleading, Second Edition, p. 517, et seq. on "Dilatory Pleas", the law

is clarified. Therein it is stated that the sole purpose of the citation is to acquire active jurisdiction over the person of the defendant, and that, strictly speaking, there can be no plea in abatement of the same in our practice. However, objections to the citation or to the return may be made by motion to quash in a plea denominated a plea in abatement, though the suit, if otherwise properly brought, would never be abated on such ground. Nevertheless, if the points are well taken they should be sustained and the citation and return quashed, with the cause continued to the next term, at which time the defendant would be compelled to answer without necessity of any new process. The statute then applicable was made a point of reference; it being our present day T.R.C.P. 122, "Constructive Appearance".

Under Rule 122 it is provided that where citation or service thereof is quashed the defendant obtaining such action shall be deemed to have entered his appearance on the Monday next after the expiration of twenty days after that on which the citation or service is quashed, at which time the defendant should be deemed to have been duly served so as to require him to appear and answer at that time. It is then and not earlier that a default judgment might be taken against the defendant if he does nothing for until such time he may file a plea of privilege or answer. 1 McDonald, Texas Civil Practice, p. 569, "Venue", Sec. 4.40, "Waiver".

■ By what has just been stated applicability of the instrument as a "motion to quash" is essential. As indicated by Professor Townes an instrument, though called a plea in abatement, would be treated as a motion to quash if in essence that is what is sought. We think it only logical to so treat an instrument called by any other name, here a "Special Appearance to Present Motion to the Jurisdiction", where its content discloses that what is desired is that the citation and return be quashed. Therefore we hold such was not a true

plea in abatement but was a motion to quash service.

We think it of no consequence that Agricultural sought additional relief to which it was not entitled. We will not, save for some compulsive reason, hold that a pleader has forfeited a right he obviously did not intend to waive or forfeit when, in an abundance of zeal, he presents a defense which for some reason is not one to which he has the entitlement or privilege to plead.

From the transcript before us it does not appear that any order was ever made by the court on the motion, for nothing appears as the court's order, after the cause was reinstated as a cause pending, until entry of the Order Sustaining Plea of Privilege. However, impliedly the parties were ready to proceed and did proceed as though any motion to quash was waived. Of this there is no complaint.

In view of our holding that the case was one properly before the trial court to hear and decide the issues made upon the Plea of Privilege by the Controverting Affidavit filed in reply thereto, we will consider the theory under which Donald contends transfer of his case by cross-action against Agricultural, improper by exception provided to the general statute. Vernon's Ann.Tex.Civ.St., Art. 1995, "Venue".

One ground asserted by Donald as that under which there was right to retain venue in the county of the suit was V.A.T.S., Title 79, "Interest", Art. 5069–1.06, "Penalties". Therein is provision that suits based upon usurious charge of interest should be brought in the county of the defendant's residence, or in the county where the interest in excess of the amount authorized has been received or collected, or where such transaction had been entered into, or where the parties who paid the interest excess resided when the transaction occurred or where he or they resided at time suit was brought. Repealed was the former Article 5073, "Action on usurious rate", which contained all the foregoing provisions save that which permits suit to be brought in the county of plaintiff's residence at time of the suit.

■ A case decided under the former Article (5073) has full application relative to the venue of the instant suit. That case was Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867 (1937), wherein it is stated that pursuant to maintenance of venue in a suit for penalty for the collection of usurious interest the burden lies on the plaintiff to allege and prove as venue facts *one* of the following: (1) That the defendant's domicile was in the county of suit; (2) that usurious interest was received or collected in such county; (3) that the usurious contract was entered into in such county; or (4) that the party who paid the usurious interests resided in such county when the contract was made. Pursuant to the enactment of Art. 5069–1.06 there would be a fifth alternative, proof of which would establish venue in the county of suit, to-wit: that the party who paid the usurious interest resided in the county at the time he filed suit.

In Universal Credit Co. v. Dunklin the Supreme Court indicated its concurrence with the majority holding in the case of Ballard v. Shock, 91 S.W.2d 385 (Eastland Civ.App., 1933, 1934, and 1936, no writ hist.). Therein is noted the necessity only to refer to the "allegations" in order to determine whether the suit is one for penalties growing out of alleged collection of usurious interest, and that it is not necessary to discharge a burden of proof that the interest was in fact usurious; that being the ultimate fact for trial after determination of the venue of the court which will have the responsibility to try that issue. On the plea of privilege hearing Donald did not prove, at least to the satisfaction of the trial court, that usury had been collected. Were it important our holding would be that in such implied finding the trial court did not err. Had the case turned thereon there would be no error in the trial court's order.

There are cases which infer that there is necessity on the hearing of a plea of privilege that the plaintiff has the burden of proving, at least *prima facie,* that usurious interest had been exacted. Cases make that express holding: Taylor v. Whitehead, 88 S.W.2d 716 (Fort Worth Civ. App.1935, no writ hist.), and Woodman v. Bishop, 203 S.W.2d 977 (San Antonio Civ. App.1947, no writ hist.). Another, Thompson v. Hague, 430 S.W.2d 293 (Fort Worth Civ.App.1968, no writ hist.) was also to this effect.

Of course, where the pleadings themselves fail to allege usury, or the effect of allegations affirmatively show that there was no usury, the defendant's plea of privilege should be sustained. Ragland v. Short, 245 S.W.2d 368 (San Antonio Civ. App.1951, petition for mandamus overruled); Universal Credit Co. v. Boling, 103 S.W.2d 253 (Fort Worth Civ.App.1937, with reference in Writ of Error tables to 105 S.W.2d 867 and 108 S.W.2d 836). The reference of 105 S.W.2d 867 was to Universal Credit Co. v. Dunklin, by the Supreme Court, dicta from which—following Ballard v. Shock of the Eastland Court of Civil Appeals at 91 S.W.2d 385—predicates our holding that since one or more of the requisite venue facts was unquestionably established on the plea of privilege hearing it was not necessary for Donald to go further and introduce proof of a meritorious case for usury. The reference to 108 S. W.2d 836 was another opinion of the Fort Worth Court of Civil Appeals in Universal Credit Co. v. Boling, after the Supreme Court had written in Universal Credit Co. v. Dunklin.

We do not believe that the state of the record compels reversal on any additional theory. Constructively, those exceptions to V.A.T.S., Art. 1995, "Venue, general rule" which Donald might be said to have presented as additional reasons why he was entitled to retain venue in the county of the suit were: Exception 4, "Defendants in different counties", Exception 7, "Fraud and defalcation", 14, "Lands", 23, "Corporations and associations", and 29a "Two or more defendants". There seems to be no good reason, under our holding, to extend the discussion to cover the presentation under these exceptions.

 Our material holding is that the Plea of Privilege was erroneously sustained because the suit of Donald is predicated upon the usury statute, as presently embodied in V.A.T.S., Art. 5069–1.06, and, since one or more of the necessary venue facts were established there was no additional burden incumbent upon Donald to prove that there had in fact been any collection of usurious interest. All other points of error are overruled as not presenting occasion for reversal.

Order transferring the cause is reversed.