NATIONAL MORTGAGE CORP. OF
AMERICA, Appellant,

v.

James L. MAXWELL et ux., Appellees.

No. 7838.

Court of Civil Appeals of Texas,
Beaumont.

May 13, 1976.

Peter Tierney, Dallas, for appellant.

Julius Glickman, Houston, for appellees.

DIES, Chief Justice.

James L. Maxwell and wife, Darlene Maxwell—appellees—brought suit in Travis County against National Mortgage Corporation of America, appellant, alleging violation of the Texas usury laws and seeking recovery of the statutory penalties provided for in Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (1971).

National Mortgage filed a plea of privilege to be sued in Dallas County, Texas, and the Maxwells controverted on the basis of subpar. 3 of art. 5069–1.06. The trial court overruled the plea from which National Mortgage perfects this appeal. The Maxwells allege in their petition they are residents of Fort Bend County.

The above venue article (5069–1.06) provides that an action for the statutory penalties for usury may be brought:

" . . . in the county of the defendant's residence, or in the county where the interest in excess of the amount authorized by this Subtitle has been received or collected, or where such transaction had been entered into or where the parties who paid the interest in excess of the amount authorized by this Subtitle resided when such transaction occurred, or where he resides."

Appellees contend that proof that the transaction was entered into in Travis County plus allegation that the transaction was usurious is sufficient to maintain venue in Travis County, citing *Donald v. Agricultural Livestock Finance Corp.*, 495 S.W.2d 592 (Tex.Civ.App.—Fort Worth 1973, no writ). Appellees' reliance is misplaced. In *Donald* plaintiff resided in the county of venue. Here plaintiffs (appellees—Maxwells) reside in Fort Bend County. To maintain venue in Travis County, they must not only prove that the transaction was entered into in that county but also that the transaction was usurious. *Universal Credit Co. v. Dunklin,* 129 Tex. 324, 105 S.W.2d 867 (1937); *Ballard v. Shock,* 91 S.W.2d 385 (Tex.Civ.App.—Eastland 1933, no writ); *Taylor v. Whitehead,* 88 S.W.2d 716 (Tex. Civ.App.—Fort Worth 1935, no writ); *Thompson v. Hague,* 430 S.W.2d 293 (Tex.

Civ.App.—Fort Worth 1968, no writ). Here the plaintiffs below (appellees—Maxwells) did not prove the transaction was usurious and hence failed to establish venue in Travis County. The order of the trial court overruling the plea of privilege is reversed and this cause is remanded to the trial court with instructions to transfer the cause to Dallas County.

REVERSED and REMANDED with instructions.