Lorenza M. VELASQUEZ, Appellant,

v.

Jake SCHUEHLE d/b/a Jake Schuehle Ford and Ford Motor Company, Appellees.

No. 15855.

Court of Civil Appeals of Texas, San Antonio.

Dec. 28, 1977.

C. Darby Riley, James E. Porter, San Antonio, for appellant.

R. Michael Simmons, Thompson & Simmons, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a venue action. Plaintiff, Lorenza Velasquez, a resident of Bexar County, Texas, sued defendants in Bexar County, Texas for damages for alleged violations of the Texas Consumer Credit Code, the Texas Deceptive Trade Practices Act, and the Federal Truth in Lending Act, arising out of a retail installment sale of a new automobile. Defendant, Jake Schuehle, d/b/a Jake Schuehle Ford, filed a plea of privilege to be sued in Medina County, the county of his residence. Plaintiff timely filed a controverting plea asserting that venue is proper in Bexar County, Texas under the Texas Consumer Credit Code, Art. 5069–7.-01 et seq. After a hearing without a jury the trial court sustained the plea of privilege and ordered the case transferred to the District Court of Medina County, Texas. Although a request for findings of fact and conclusions of law was made by plaintiff, none was ever filed. Defendant, Ford Motor Credit Company, filed an answer but did not file a plea of privilege.

The pertinent venue provisions of the Texas Consumer Credit Code then in effect [Tex.Rev.Civ.Stat.Ann. art. 5069–8.04 (1971)] may be summarized as follows: All actions brought under this subtitle shall be

brought (1) in the county of defendant's residence; (2) or in the county where the interest, time price differential, or other charge and amount in excess of the amount authorized by this subtitle shall have been received or collected; (3) or where such transaction has been entered into; (4) or where the parties were paid the interest, time price differential, or other charge in excess of the amount authorized by this subtitle decided when such transaction occurred; (5) or where he resides.[1]

Plaintiff, in her petition, alleged, among other things, that defendants violated the Texas Consumer Credit Code by: (1) failure to make required disclosures before extending the credit; (2) failure to disclose cost of credit insurance before obtaining specific affirmative indication of the consumer's desire to obtain the insurance; (3) failure to disclose a full statement of closing costs prior to the time down payment was made; (4) misstatement of the amount of license, title, and registration fees and consequential misstatements of finance charges; (5) failure to individually itemize all other charges included in the amounts of credit extended but not part of finance charges.

Appellee asserts that Art. 5069–8.04 is a special venue provision and that under such a venue provision it is necessary that a plaintiff who is contesting a plea of privilege, both plead and prove a cause of action and that this was not done here.

Plaintiff asserts that the trial court's holding is incorrect because (1) it was not necessary to establish a cause of action under such venue provisions of the Texas Consumer Credit Code to maintain venue in Bexar County, Texas, but it was only necessary to establish any one of the five venue facts provided therein; (2) even if it was necessary to prove a cause of action, the record here establishes such proof in that it is undisputed that the retail installment contract was not completed as to a number of the essential provisions at the time that

it was signed by the parties; and that plaintiff proved a prima facie cause of action.

The uncontradicted testimony of plaintiff shows: (a) that the installment sales contract was not completely filled out at the time she signed it; (b) that the cash price was not filled out, and the amount of the down payment was not shown; (c) that the credit insurance was not filled out; and (d) that there were other blanks.

Plaintiff's uncontradicted testimony also shows that (a) she signed such contract in Bexar County, Texas; (b) that at the time she signed such contract she gave Van Horn, appellee's salesman, her trade-in, transferred title of the trade-in to appellee, and obtained possession of the new car; all of which occurred in Bexar County, Texas.

Plaintiff also testified that Van Horn told her he would fill in the balance of the contract and that a copy of the completed contract would be mailed to her, but that she did not receive a copy of the contract at the time she signed it. The uncontradicted testimony also shows that plaintiff was a resident of Bexar County, Texas at the time she signed the contract and at the time the suit was filed.

The only other witness to testify was defendant, Jake Schuehle, who testified that he lived in Hondo, Medina County, Texas, and operated an automobile dealership there; that Mr. Van Horn worked for him and that he was the salesman who sold the car to plaintiff; that Mr. Van Horn no longer works for him; that he does not know who filled in the contract, but it is usual practice for each salesman to fill out his own contract; that at the time he signed the contract it was filled out, but he does not know if the contract was filled out at the time plaintiff signed it; that a copy of the contract is usually given to the buyer at the time he buys the car; that he could have refused to accept the contract up to the time he signed it and until he signed it,

---

1. This article was amended by the 65th Legislature effective August 31, 1977 as follows: "Action under this Chapter may be brought in the county where the transaction was entered into or where the Defendant resides at the time the action was filed. Such action may be brought within four years . . . ." Tex.Laws 1977, ch. 111, § 1, at 231.

it was no contract. Van Horn did not testify.

Appellee argues vigorously that no contract came into existence until he accepted and signed the contract and that this occurred in Hondo, Medina County, Texas; and that venue therefor is properly in Medina County.

■ To constitute a valid contract in writing it is not necessary that the agreement be signed by both parties, for it one party signs, the other may accept by his acts, conduct, or acquiescence in the terms of the contract. *Morgan v. Stover*, 511 S.W.2d 362 (Tex.Civ.App.—Eastland 1974, writ ref'd n. r. e.); *Orgain v. Butler*, 478 S.W.2d 610 (Tex.Civ.App.—Austin 1972, no writ); *Rubin v. Polunsky*, 366 S.W.2d 234 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.); *Chavez v. Goodman*, 152 S.W.2d 826 (Tex.Civ.App.—El Paso 1941, no writ); 13 Tex.Jur.2d *Contracts* § 76 at 220 (1960); 1 Corbin on Contracts, *Acceptance by Overt Acts* § 62 (1950).

As we construe the testimony, both the offer and acceptance occurred in Bexar County, Texas, and the transaction occurred in Bexar County, Texas.

We have been cited no cases, nor have we found any, construing this venue provision. Both parties cite and rely on cases construing an analogous statute, Art. 5069–1.06, which concerns suits for penalties for charging excessive interest. The venue provisions of Art. 5069–1.06 (Usury) are virtually identical to Art. 5069–8.04 and provide: All actions brought under this article shall be brought (1) in the county where the defendant resides; (2) or in the county where the interest in excess of the amount authorized by the subtitle shall have been received or collected; (3) or where such transaction has been entered into; (4) or where the parties who paid the interest in excess of the amount authorized by this subtitle resided when such transaction occurred; (5) or where he resides. Two cases construing the above statute have reached somewhat different results. The Fort Worth Court of Civil Appeals, in *Donald v. Agricultural Livestock Finance Corp.*, 495 S.W.2d 592 (Tex.Civ.App.—Fort Worth 1973, no writ), held that a plaintiff could maintain venue in the county where the suit was filed by proof of any one of the above five venue facts. The Beaumont Court of Civil Appeals, in *National Mortgage Corp. of America v. Maxwell*, 541 S.W.2d 626 (Tex.Civ.App.—Beaumont 1976, no writ), held that a plaintiff who resides in a county other than the one of the suit, had to prove (a) that the contract was entered into in such county; and (b) that the contract was usurious, in order to maintain venue there. The Beaumont Court distinguished *Donald* on the fact that in the *Donald* case the plaintiff lived in the county of venue. It is to be remembered that in the case here before us the plaintiff lives in the county where the suit was instituted.

■ Irrespective of whether you follow *Donald* or *National Mortgage Corp. of America*, we have concluded that the trial court erred in granting the plea of privilege. We reach this result because we have concluded that plaintiff established by uncontradicted testimony (1) that she resided in Bexar County, the county of the suit, at the time the suit was filed; (2) that the transaction was entered into in Bexar County; and (3) that the retail installment contract was not completed as to various essential provisions at the time it was signed by the buyer.

The judgment of the trial court, transferring the cause to Medina County, is reversed and the cause is remanded to the District Court of Bexar County, Texas for a trial on the merits.