**ALLIED FINANCE COMPANY, Appellant,**

v.

**Edward Lee COOKE, Jr., Appellee.**

**No. 12979.**

Court of Civil Appeals of Texas, Austin.

June 13, 1979.

Larry Z. Sechrist, Michael E. Ditto, Dallas, for appellant.

Pat C. Hargadon, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a venue case. Appellant Allied Finance Company appeals from an order overruling its plea of privilege to be sued in the county of its residence, Dallas County, Texas. Suit was filed in Travis County, Texas.

The case arises out of the sale of a motor vehicle to Edward Lee Cooke, Jr., appellee, by Republic Motor Sales. The sale occurred in December, 1975. In April, 1976, Republic sold appellee's contract, along with a number of other contracts, to appellant. Appellee filed this lawsuit on January 18, 1978, against Republic Motor Sales and appellant under the Texas Consumer Credit Code, Tex.Rev.Civ.Stat.Ann. art. 5069–7.06(3) (1971) (disclosures concerning required insurance).

Appellee's controverting plea set forth as alternative grounds for venue in Travis County three subdivisions of Tex.Rev.Civ. Stat.Ann. art. 1995 (1964). These are subdivisions 4, 23 and 30 (as it is related to Tex.Rev.Civ.Stat.Ann. art. 5069–8.04 (Supp. 1978)). As a result of our disposition of the case, we will consider only subdivision 30 and connected article 5069–8.04.

Prior to deciding the venue issue, we must consider another point raised by appellant. Appellant argues that appellee's controverting plea was superseded by two words, "or agency," by virtue of a trial amendment to the controverting plea. This

argument is based on the fact that appellee's lawyer stated to the court at the venue hearing: "I was going to offer today a controverting plea which would add one word to the one we have filed subject to your approval." Appellee's lawyer explained that he desired to add "or agency" to his subdivision 23 allegations. Appellant objected and the judge said he would allow the amendment. A search of the record does not reveal an amended controverting plea or that the words were interlined on the original. In our view, appellee obtained approval for a trial amendment but did not follow through and make the amendment. See *Smith v. Davis*, 453 S.W.2d 340 (Tex. Civ.App.1970, writ ref'd n. r. e.); *Welch v. Overton*, 416 S.W.2d 879 (Tex.Civ.App.1967, writ ref'd n. r. e.); cf. *Western Union Telegraph Co. v. Graham*, 244 S.W. 579 (Tex. Civ.App.1922, no writ). The point is overruled.

Subdivision 30 of article 1995 provides:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 5069–8.04 states, *inter alia* :

"Actions under this Chapter may be brought in the county where the transaction was entered into or where the Defendant resides at the time the action was filed."

Appellee does not contend that appellant has ever resided in Travis County. We hold the "transaction" to which article 5069–8.04 refers is the sale of the motor vehicle, from which sale the contract sued upon originated. "Transaction" does not mean the assignment of the contract by Republic to appellant, appellee having had no involvement in the assignment.[1]

To sustain venue in Travis County, appellee need only have proved that the sale of the motor vehicle occurred in Travis County. Cf. *Allied Finance Co. v. Miro,* 568 S.W.2d 910 (Tex.Civ.App.1978, no writ). But cf. *National Mortgage Corp. of America v. Maxwell,* 541 S.W.2d 626 (Tex.Civ. App.1976, no writ). The secretary treasurer of Republic Motor Sales testified at the hearing that he "entered into this contract with [appellee] to purchase an automobile" in Travis County, Texas. We hold appellee met his burden of showing venue in Travis County, Texas, under article 5069–8.04.

The order of the trial court overruling the plea of privilege is affirmed.

Affirmed.

---

1. Although "transaction" is not defined in Chapter 8 of article 5069, it is defined in Chapter 7 for purposes of that chapter, unless the context otherwise requires. Tex.Rev.Civ.Stat. Ann. art. 5069–7.01(d) (1971). That section provides:

" 'Transaction' means any transaction as a result of which a retail buyer acquires a motor vehicle from a retail seller under a retail installment contract for a sum consisting of the cash sale price and other charges as limited by this Chapter and agrees with a retail seller to pay part or all of such sum in one or more deferred installments."