**TEMPLE–EASTEX, INCORPORATED**

v.

**C & S WHOLESALE & RETAIL LUMBER CO.**

No. 1365.

Court of Civil Appeals of Texas, Tyler.

June 12, 1980.

Rehearing Denied July 3, 1980.

James E. Ingram, George Cowden, III, Soules & McCamish, San Antonio, for appellant.

Jerry N. Dennard, San Antonio, for appellee.

McKAY, Justice.

This is a venue case. The appeal is from the order overruling a plea of privilege.

The appellee is C & S Wholesale & Retail Lumber Co., a resident of Bexar County. The appellant is Temple-Eastex, Inc., a resident of Angelina County.

Beginning in 1968 appellee purchased lumber and other building materials from appellant on account but during the period of February 20, 1975, to June 6, 1978, appellant began to charge interest on past-due invoice amounts. On February 16, 1979, appellee brought suit under Art. 5069–1.03,

Tex.Rev.Civ.Stat.[1] alleging that during the aforementioned period appellant charged and collected usurious interest on the account. Appellant filed a plea of privilege asserting its right to be sued in Angelina County. Appellee filed a controverting plea. The district court overruled the plea and appellant perfected this appeal bringing two points or error.

Appellant contends in its points that the district court erred in overruling the plea of privilege because the appellee failed to prove a prima facie cause of action that it paid any interest in excess of the amount authorized by law. In response, appellee maintains that it need only allege a cause of action for usury and prove that it was a resident of the forum of suit at the time of filing. Appellee additionally argues that, even if it is necessary to establish a prima facie cause of action under Article 5069–1.-06(3), the uncontroverted testimony in the record shows that it proved a prima facie cause of usury.

Although venue is generally proper in the county of the defendant's domicile under Article 1995, subsection 30 thereof sets out a special venue exception:

> Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.

For actions brought under the Texas Consumer Credit Code, venue is governed by Art. 5069–1.06(3) which provides:

> All such actions brought under this Article shall be brought in any court of this State having jurisdiction thereof within four years from the date when the usurious charge was received or collected (1) in the county of the defendant's residence, or (2) in the county where the interest in excess of the amount authorized by this Subtitle has been received or collected, or (3) where such transaction had been entered into, or (4) where the parties who paid the interest in excess of the amount authorized by this Subtitle resided when

such transaction occurred, or (5) where he resides. (numbers added)

Appellee relies on subdivisions 4 and 5 to sustain venue in Bexar County since it resided in that county during the period in which it purchased goods from appellant and currently resides in that county. Appellee argues that under subdivision 5 the only venue fact requiring proof at the venue hearing is evidence that at the time of the filing of the action the plaintiff resided in the county where the suit was brought.

After a careful examination of the language of Article 5069–1.06(3) we conclude that subdivisions 4 and 5 must be read together; the language "or where he resides" refers back to the language "where the parties who paid the interest in excess of the amount authorized by this Subtitle resided when such transaction occurred." Therefore the venue section allows a party who paid usurious interest to bring suit in the county where he resided when such transaction occurred or where he resided when the suit was filed. Under either subdivision it is our view that necessary venue proof be made that usurious interest was paid by the plaintiff. *Universal Credit Co. v. Dunklin*, 105 S.W.2d 867, 868 (Tex.1937); *Hugh Robison Farm Machinery, Inc. v. Wied*, 593 S.W.2d 731, 733 (Tex.Civ.App.-Houston (1st Dist) 1979, no writ); *International Harvester Co. v. Rotello*, 580 S.W.2d 418, 419 (Tex.Civ.App.-Houston (1st Dist) 1979, no writ); *National Mortgage Corp. of America v. Maxwell*, 541 S.W.2d 626 (Tex. Civ.App.-Beaumont 1976, no writ); *Ballard v. Shock*, 91 S.W.2d 385, 388 (Tex.Civ.App.-Eastland 1933, no writ).

To construe subdivision 5 as allowing a party to maintain venue where he resides without proof of payment of usurious interest creates an inconsistent result. Subdivision 4 authorizes a party who paid usurious interest to bring an action in the county where he resided when the transaction occurred, whereas, subdivision 5, as construed, authorizes a party who paid usurious interest to bring an action in the county where

[1]. Article references are to Texas Revised Civil Statutes unless otherwise indicated.

he *presently* resides; thus, each subdivision refers to a different time frame. In the event a plaintiff should move from the county of his residence when the transaction which resulted in the payment of usurious interest occurred to the county wherein he presently resides, the burden of establishing the necessary venue facts should not be affected. The simple fact of the plaintiff changing residence should not allow him to maintain venue under a lesser burden of proof, i. e, proof of present residence as opposed to proof of residence and payment of usurious interest. Therefore, if a plaintiff changes residence after the transaction occurred, he must still prove current residence and payment of usurious interest to maintain venue under Art. 5069–1.06(3).

In support of its position, appellee relies upon *Allied Finance Company v. Miro*, 568 S.W.2d 910 (Tex.Civ.App.-Waco 1978, no writ) and *Donald v. Agricultural Livestock Finance Corp.*, 495 S.W.2d 592 (Tex.Civ. App.-Fort Worth 1973, no writ). These cases have held that it is not necessary to prove that a party paid usurious interest under the fifth subdivision of Article 5069– 1.06(3). We decline to follow this construction of the statute.

In *Universal Credit Co. v. Dunklin*, supra, the Supreme Court, in construing Article 5073, the predecessor section to Article 5069–1.06(3), specifically held that the burden was on the plaintiff both to allege and *to prove* the requisite venue facts under the section. Importantly, the court relied upon *Ballard v. Shock*, supra. In that case the Eastland Court of Civil Appeals *initially* held that to maintain venue it was only necessary to *allege* the existence of a contract under the applicable provision of Article 5073. However, on motion for rehearing the court modified the former opinion and held that a plaintiff must not only prove the residency requirements but, addi-

tionally, must prove the usurious interest collected pursuant to a usurious contract. 91 S.W.2d 388. In *Donald v. Agricultural Livestock Finance Corp.*, supra, the court relied upon the initial opinion to support its interpretation of Article 5069–1.06(3).[2] Accordingly, since *Miro and Donald*, supra, are not consistent with the rule set forth in *Universal Credit Company v. Dunklin*, supra, and are founded on an erroneous interpretation of *Ballard v. Shock*, supra, we decline to follow their construction of Article 5069–1.06(3).

Since we have held that appellee had the burden to allege and prove a meritorious cause of action for usury and that he resides in Bexar County, we turn to an examination of the record to ascertain if appellee has proven the requisite venue facts under Article 5069–1.06(3) such that venue may be maintained in Bexar County.

■ It is well established that in a venue hearing the plaintiff has the same burden of proving a cause of action as on a trial on the merits. *Compton v. Elliott*, 88 S.W.2d 91, 95 (Tex.Comm.App. 1935, opinion adopted); *Cowden v. Cowden*, 186 S.W.2d 69, 71 (Tex.1945); *Flowers v. Dempsey-Tegeler & Co.* 472 S.W.2d 112, 116 (Tex. 1971); *Kirby Lumber Corp. v. Treadway*, 382 S.W.2d 316, 319 (Tex.Civ.App.-Beaumont 1964, writ dism'd); *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 589 (Tex.Civ. App.-Tyler 1978, no writ). In passing upon the sufficiency of the evidence to support the order of the trial court in overruling the plea of privilege, we are bound to follow the rule announced in *James v. Drye*, 320 S.W.2d 319, 323 (Tex.1959):

On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment.

**2.** "In *Universal Credit Co. v. Dunklin* the Supreme Court indicated its concurrence with the majority holding in the case of *Ballard v. Shock*, 91 S.W.2d 385 (Eastland Civ.App., 1933, 1934, and 1936, no writ hist). Therein is noted the necessity only to refer to allegations in

order to determine whether the suit is one for penalties growing out of alleged collection of usurious interest, and that it is not necessary to discharge a burden of proof that the interest was in fact usurious . . ." 495 S.W.2d 596.

**534**

The usury statute in focus in this case is Article 5069–1.03 [3] which provides:

> When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made.

We have searched the record in vain but have found no evidence that the appellant has charged appellee usurious interest on its account. In its petition, appellee alleged that appellant charged and received interest on appellee's open account at the rate of 8% per annum. However, at the venue hearing, William Shipman, the president of C & S Wholesale & Retail Lumber Company, merely testified that the company was charged and paid interest on its overdue account; there is no evidence which proved that appellee was charged interest in excess of the six per cent per annum rate allowed by Article 5069–1.03. Furthermore, there was no evidence which sought to prove that appellant charged and received any specific rate of interest. The Statement of Facts discloses only general allegations that an unspecified rate of interest was charged on appellee's overdue account; the invoices relied upon were not introduced into evidence.

The dispositive rule has been well stated in 1 McDonald, Texas Civil Practice § 4.55(b) at 612:

> *Venue facts which are established by affirmative evidence.* Such facts must be proven: Their mere allegation in the petition on the controverting affidavit is not evidence that they exist. The plaintiff must produce extrinsic evidence sufficient to establish his allegations by a preponderance of the evidence.

Even though we have given appellee the benefit of all the inferences and presumptions to which he is entitled, we nevertheless hold that appellee has not established a prima facie case of usury.

In sum, under Article 5069–1.06(3) appellee has not shown the requisite venue facts entitling it to maintain venue in Bexar County. Accordingly, the judgment of the trial court is reversed and the cause is ordered transferred to a district court of Angelina County.

---

**3.** This statute was effective at the time of the relevant transactions and therefore will be applied. In 1979 this statute was amended to provide as follows:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable. Amended by Acts 1979, 66th Leg. p. 1718, ch. 707, § 1, eff. Aug. 27, 1979.