UNIVERSAL CREDIT COMPANY v. HONORABLE IRBY DUNKLIN, CHIEF JUSTICE, ET AL.

Motion No. 12,905. Decided April 28, 1937.
(105 S. W., 2d Series, 867.)

*S. L. Lewis*, of Dallas, for relator.

PER CURIAM:

1 The motion of relator for leave to file petition for the issuance of a writ of mandamus against the members of the Court of Civil Appeals for the Second Supreme Judicial District directing them "to certify the judgment and opinion of the said Court of Civil Appeals in Cause No. 13518, styled Universal Credit Company, Appellant, v. S. P. Boling, Appellee, for review and consideration" is overruled, for the reason that the petition does not set out the particular question or questions of law that the Court of Civil Appeals was requested, and refused, to certify and does not ask or pray for the certification of any particular question or questions of law. A copy of the motion to certify made in the Court of Civil Appeals is attached to the petition for writ of mandamus. It states that appellant is attaching to the motion a suggested form of the questions requested to be certified, but no copy of such suggested form of questions is attached to the petition for the writ. The prayer of the motion filed in the Court of Civil Appeals is that "the questions of law contained in the opinion and judgment of this Honorable Court be certified." Neither this prayer nor the prayer in the petition for writ of mandamus is for the certification of any particular question or questions of law. Both are in substance for the certification of the entire opinion and judgment of the Court of Civil Appeals. Article 1855 of the Revised Civil Statutes of 1925 makes it the duty of the Court of Civil Appeals when its decision "on any question of law" is in conflict with an opinion rendered by the Supreme Court or by some other Court of Civil Appeals to "transmit the question of law involved in the cause wherein said conflict of opinion has arisen" to the Supreme

Court for adjudication. A relator invoking the extraordinary writ of mandamus to compel a Court of Civil Appeals to perform the duty made mandatory ·by this statute must show by his petition that he has formally requested the Court of Civil Appeals to certify the particular question or questions of law involved in the cause wherein the conflict has arisen and that the court has refused to certify such particular question or questions. And he may not by petition for mandamus obtain the certification of the entire case or of the opinion. The writ, if issued, will direct the certification of the same particular question or questions of law that the Court of·Civil Appeals has been requested, and has refused, to certify.

In overruling the motion for leave to file the petition for the writ of mandamus we do not approve the holding of the Court of Civil Appeals upon which it based its affirmance of the judgment of the trial court. The suit was for statutory penalties for usury and was filed in the county court of Young County by respondent Boling against relator, a foreign corporation with permit to do business in Texas and maintaining an office and domicile in Dallas County. The opinion of the Court of Civil Appeals states that the petition contained allegations that the plaintiff Boling, who paid the usurious interest, resided in Young County and that the contract out of which the action grew was entered into in Young County. The defendant Universal Credit Company filed a plea of privilege in statutory form alleging its residence or domicile to be in Dallas County. The plaintiff filed a controverting affidavit which contained substantially the same allegations as those appearing in the petition. After hearing the trial court overruled the plea of privilege, and on appeal from that order the Court of Civil Appeals affirmed the judgment of the trial court, holding that general demurrer should have been sustained to the plea of privilege because it did not specifically negative the allegations of fact in the petition which showed venue, having reference apparently to the allegations that·the plaintiff resided in Young County when the usurious contract was made and that the contract was made in that county.

**2, 3** It is our opinion that the latter part of Article 5073, Revised Civil Statutes of 1925, is a special venue statute pertaining to suits for penalties for the collection of usurious interest. It permits the plaintiff to file such suit in the county of defendant's residence, or in the county where such usurious interest shall have been received or collected, or where the contract has been entered into, or where the party who paid the usurious interest resided when the contract was made. A

law of this character authorizing a particular action and prescribing its venue is expressly made a part of the venue statutes by the terms of Exception No. 30 of Article 1995. The plea of privilege in the form prescribed by °Article 2007 was prima facie proof of the defendant's right to a change of venue, and after its filing the burden was on the plaintiff both to allege and to prove as venue facts one of the following: (1) that the defendant's domicile was in Young County; (2) that usurious interest was received or collected in Young County; (3) that the usurious contract was entered into in Young County; (4) that the party who paid the usurious interest resided in Young County when the contract was made. Ballard v. Shock, 91 S. W. (2d) 385. See also Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91, and authorities there cited.

Opinion delivered April 28, 1937.