## JONES et al. v. SMITH.
### No. 5694.

Court of Civil Appeals of Texas. Texarkana.

Jan. 16, 1941.

Jones & Jones and C. A. Brian, all of Marshall, for appellants.

Alton V. Grant, of Longview, for appellee.

JOHNSON, Chief Justice.

This appeal is from a judgment of the trial court overruling a plea of privilege. Appellee, Grover Smith, filed suit in the District Court of Gregg County against "the law firm of Jones & Jones, a copartnership composed of Sol P. Jones and Franklin Jones of Harrison County, Texas, Tom P. Scott of McLennan County, and Jarold P. Knop of McLennan County, Texas, and Cecil Storey of Gregg County, Texas," to recover damages claimed to have been sustained by plaintiff as the result of certain acts of defendants with reference to litigation, which acts plaintiff alleges interfered with and prevented a settlement that plaintiff was negotiating with third parties. S. P. Jones, Franklin Jones and the law offices of Jones & Jones, a partnership composed of S. P. Jones and Franklin Jones, in due time filed their verified plea of privilege to be sued in the county of their residence, alleging:

"Now come S. P. Jones, Franklin Jones and law offices of Jones & Jones, a partnership, defendants, and say that this court ought not to have or take further action or cognizance of this suit than to have the same transferred to the District Court of Harrison County, Texas, because defendants say that S. P. Jones and Franklin Jones are partners in the law offices of Jones & Jones, a partnership, and that both S. P. Jones and Franklin Jones are not now and were not at the institution of this suit, nor at the time of the service of process on them respectively, nor at the time of the filing of this plea, residents of the County of Gregg, the county in which this suit was instituted, and is now pending, but that each of said defendants is now and was at said times above described, a resident of Harrison County, Texas, where he then and now resides, and that no exception to exclusive venue in the county of one's residence provided by law exists in said cause; that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the County of Gregg, State of Texas, or elsewhere outside of the County of Harrison, State of Texas.

"Wherefore, defendants pray the court that the above suit be transferred to the District Court of Harrison County, Texas, and for such orders herein that may be proper and necessary."

The plaintiff filed a controverting plea which contains a general demurrer to the above plea of privilege. Upon a hearing before the court plaintiff failed to introduce any evidence, but elected to stand on his general demurrer to the plea of privilege, whereupon the court overruled the plea of privilege, on the theory that same was subject to the general demurrer, because it did not specifically deny the venue facts alleged in plaintiff's petition.

The plea of privilege in all respects complied with the provisions of the statute. R.S.1925, Article 2007, Vernon's Ann.Civ.St. art. 2007. A plea of privilege conforming to the provisions of the statute is sufficient, and cannot be reached by general demurrer. Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867; Eppenauer v. Scruggs, Tex.Civ.App., 55 S.W.2d 254, 255; Fielder v. Parker, Tex. Civ.App., 119 S.W.2d 1089. The statute expressly provides: " * * * and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue." Upon the filing, in due time, of such a plea of privilege the burden is on the plaintiff both to allege and to prove the facts sustaining venue in the county where the suit is filed. Universal Credit Co. v. Dunklin, supra.

The judgment of the trial court is reversed; and as to appellants, the cause is ordered transferred to the District Court of Harrison County.