LOYD TISCHMACHER V. THE STATE.

No. 22627. Delivered December 15, 1943.

The opinion states the case.

*Bert G. Ashby,* of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

On the 5th day of May, 1943, appellant was charged by complaint and information, filed in the County Court of Lamar County, with transporting whisky in a dry area. He entered a plea of guilty to said charge and his punishment was assessed at a fine of $500.00.

It appears from the record that on the night of May 4, 1943, appellant was caught in the town of Paris, the county seat of Lamar County, with 37 or 38 pints of whisky. He was taken to jail and confined therein. The next morning he was brought to the office of the county judge, located in the courthouse, where he informed the judge that he desired to plead guilty; that the judge advised him that he did not have to plead guilty; that he could have a trial before a jury or he could waive a jury. However, he persisted in entering a plea of guilty. After the judge had imposed a fine of $500.00 upon him, appellant secured the services of an attorney, who immediately filed a motion for new trial in which he set forth two reasons why the same should be granted: the first of which is that he had been promised by Mr. Coon, an agent of the Texas Liquor Control Board, that if he would plead guilty he would be fined $100.00 and costs; that he believed said statement of Mr. Coon, relied and acted thereon when he entered the plea. His second contention for a new trial is that he was not given a public trial as provided by Article 518, C. C. P., and Sec. 10 of Art. 1 of the State Constitution, because the court received his plea, found him guilty and assessed the fine in the judge's private office and not in the courtroom.

We will discuss each of the questions in the order presented. In the first place, the agent of the Liquor Control Board was not a person in authority who was authorized to grant immunity or make any promises that would be binding upon the

State. However, upon the hearing of the motion the court heard evidence relative to the matter charged therein. Appellant testified that Mr. Coon caused him to believe that he had had a conference with the judge, who had indicated that if he (appellant) entered a plea of guilty, he would be fined $100.00 and costs. Mr. Coon denied that he made any kind or character of promise. It will be noted that the evidence raised an issue of fact which the trial court decided against the appellant, and we would not be authorized to disturb the court's conclusion upon an issue of fact.

Appellant's next contention that he was not given a public trial is without merit. The trial judge states that his office, where he received appellant's plea of guilty and assessed the fine against him, is in the courthouse and adjoins the courtroom; that it is a public office where people come at will for the purpose of transacting public business; that no one was denied to enter therein at the time in question. We do not deem it necessary to enter upon an extended discussion of the question raised further than to say that the appellant made no objection at the time of entering his plea of guilty or to the court's action thereon. It seems that he was perfectly satisfied with all the proceedings except the amount of the fine which the court imposed upon him. He might as well have asserted with equal force, as a third ground in his motion for new trial, that he was surprised at the amount of the punishment which the court imposed upon him. However, in passing on the question of whether or not appellant had a public trial, we might state that the Supreme Court of Texas, in the case of Niagara Insurance Company v. Lee, et al., 11 S. W. 1024, said: "But we have no doubt that the regular or any other judge who has presided during the term, may act upon and decide a motion for new trial made in a case tried by him during the term, in any room of the court-house that his discretion approves."

To the same effect are the holdings in other jurisdictions.

In the case of Smith v. Jones, et al 23 La. 43, the Supreme Court said: "It will hardly be pretended that, of the two rooms in question, one is much better than the other, and certainly not that it is sacramental to use one for holding 'open court' rather than the other."

See also Cooley's Constitutional Limitations, 8th Ed., Vol. 1, p. 647; 14 Amer. Jur. p. 270, sec. 38.

In the present instance, no one whose presence the appellant desired or who might have been of any service to him was excluded from the room where the trial was had; hence no injury is shown to have resulted to him.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.