**Buster COLE, Appellant,**

v.

**WESTERN BRICK & SUPPLY COMPANY, Inc., Appellee.**

**No. 7220.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 28, 1963.

Rehearing Denied Feb. 25, 1963.

---

Finley & Scogin, Kermit, for appellant.

Treadaway & Blumrosen, Lubbock, for appellee.

DENTON, Chief Justice.

This is an appeal from an order of the trial court overruling appellant's plea of privilege. Appellee filed suit in the District Court of Yoakum County against appellant and other defendants seeking recovery for labor and materials furnished. This action is brought under the provisions of Article 5160, Vernon's Ann.Texas St. The materials furnished were used in the construction of a maintenance office, storage shop, and service station building for the Texas Highway Department. The appellant timely filed his plea of privilege seeking to remove the case as against him to Ector County, the county of his residence. Appellee's controverting affidavit sought to maintain venue in Yoakum County under Article 1995, Subsection 30 and Article 5160(G), V.A.T.S.

Article 5160 requires a performance bond on the part of prime contractors of construction work for the State and all its political subdivisions; and further provides a remedy for claimants who furnished labor and materials on such projects. Article 1995, Subsection 30 reads as follows:

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 5160(G) reads in part as follows:

"All suits instituted under the provisions of this Act *shall be brought* in a court of competent jurisdiction in the county in which the project or work, or any part thereof, is situated." (Emphasis added.)

Article 5160(G) is a special venue statute pertaining to suits for the collection for labor and materials furnished prime contractors on projects contracted by the State or any of its political subdivisions. A statute of this nature which authorizes a particular action and procedure and describes its venue is especially made a part of the venue statutes by the very terms of Subdivision 30 of Article 1995. Universal Credit Company v. Dunklin, 129 Tex. 324, 105 S.W.2d 867. Ballard v. Shock, (Tex. Civ.App.), 91 S.W.2d 385.

After the filing of the appellant's plea of privilege, the burden was on the appellee both to allege and to prove as venue facts the following: (1) That the suit is brought under Article 5160; (2) That the District Court of Yoakum County was a court of competent jurisdiction; (3) That the project or work, or any part thereof, was situated in Yoakum County. Both the pleadings and uncontradicted evidence bring this suit under Article 5160. The amount in controversy was in excess of one thousand dollars; and it was stipulated that the materials were delivered to the project; and it is undisputed the project described above was constructed in Yoakum County.

Appellant's contentions that there is no evidence or there is insufficient evidence that appellant was a necessary or proper party or that proper notice had been given as required by Article 5160 are defenses to the alleged cause of action, and are to be considered when the case is heard on its merits. We are of the opinion, and so hold, that in a suit under the provisions

of Article 5160, V.A.T.S. venue is controlled by the provisions of Article 5160 itself and not by the provisions or exceptions of Article 1995. Cowan v. State, (Tex.Civ. App.), 356 S.W.2d 170, (Error Dismissed.) Appellee's pleadings and proof clearly brought the case under Article 5160 and the requirements of Article 5160(G) have been met.

The judgment of the trial court overruling the plea of privilege is affirmed.

Affirmed.