**STATE of Texas, Appellant,**

v.

**Arthur H. HUFF, Appellee.**

**No. 8317.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 5, 1973.

Crawford C. Martin, Atty. Gen., and C. Bennett, Jr., Austin, for appellant.

Huffaker & Green, Calloway Huffaker, Tahoka, for appellee.

ELLIS, Chief Justice.

This is an appeal from an order sustaining the defendant's plea of privilege in an action brought by the State of Texas seeking statutory penalties and injunctive relief on the basis of defendant's alleged violations of the Texas Motor Carrier Act. Affirmed.

The State of Texas, plaintiff-appellant, by and through its Attorney General, instituted suit against Arthur H. Huff, defendant-appellee, in the 99th District Court of Lubbock County, Texas, alleging that on specified occasions the defendant had operated as a motor carrier for compensation without a proper certificate or permit from the Railroad Commission of Texas in violation of certain provisions of Article 911b, Vernon's Annotated Civil Statutes. The State seeks the enforcement of civil penal-

ties and injunctive relief with respect to such violations as provided under Article 1690b, Vernon's Annotated Penal Code. The defendant filed his plea of privilege to be sued in Lynn County, Texas, the county of his residence. The State then filed its sworn controverting plea stating therein that the allegations of its sworn original petition, incorporated in its controverting plea by reference, " . . . show and aver, and it is a fact, that this Court has venue of this suit within the meaning of Exceptions 9 and 30 to Article 1995, V.A. C.S. . . . . "[1] Also, the controverting plea sets out " . . . that the Defendant committed within the meaning of Section 9 of Article 1995 numerous offenses in Lubbock, Lubbock County, Texas, more particularly 36 separate and individual offenses in violation of Article 911b, V.A.C.S." Such controverting plea further asserts that venue lies in Lubbock County on the grounds that Art. 1690b is a special venue statute under Exception 30 to Art. 1995, and provides specifically that suits for penalties and injunctions for violation of the Texas Motor Carrier Act (Art. 911b), " . . . shall be—instituted . . . [in] the county in which the violation occurs. . . . "

The venue question was heard before the court without a jury, and thereafter the trial court entered its order sustaining the defendant's plea of privilege. From such judgment the State has brought this appeal. The parties shall generally be designated as in the trial court, "plaintiff" and "defendant."

The pertinent provisions of the Texas Motor Carrier Act are: (1) Art. 911b, V. A.C.S., which sets out the prohibitions; and (2) Art. 1690b, V.A.P.C. (codified by the editors of Vernon's Texas Statutes as

---

1. Exceptions Nos. 9 and 30 of Article 1995, V.A.C.S., above referred to contain the following provisions:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the

defendant, . . . or in the county where the defendant has his domicile."

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

a part of the penal code), encompassing both criminal and civil sanctions in connection with the enforcement of the Act. Article 911b prohibits any person from operating as a motor carrier in the transportation of property for compensation or hire over the public highways of the State of Texas between two or more incorporated cities without having first obtained from the Railroad Commission of Texas an appropriate motor carrier certificate or permit authorizing such operations. Subdivision (a) of Art. 1690b declares that violation of the Act is a misdemeanor and provides that upon conviction criminal punishment by way of a fine may be imposed for each and every day of violation. Sections (b) and (c) of Art. 1690b set out the civil sanctions. Section (b) provides that every person who violates any provision of the Act, shall "in addition" (to possible criminal liability) be subject to the payment of a penalty not exceeding $100 for each and every day of said violation, and that "Such penalty shall be recovered in any court of competent jurisdiction in [the county] . . . in which the violation occurs."; and Section (c) provides that "Upon the violation of any provision of this . . . Act, . . . any district court of [any county] . . . where such violation occurs shall have the power to restrain and enjoin the person, . . . so offending from further violating the provisions of this Act. . . ." In this particular suit, the State is seeking the application of the "civil" sanctions.

In its first two points of error the plaintiff contends that the trial court erred in sustaining the plea of privilege because (1) venue in this case is controlled by Sections (b) and (c) of Art. 1690b, V.A.P.C., as provisions of law coming within Exception 30 to Art. 1995, thereby placing the venue for the suit within the county in which the violations occurred; and (2) under such provisions the defendant has proved facts sufficient to establish venue in Lubbock County.

The defendant has conceded that subsections (b) and (c) of Art. 1690b are special venue statutes within the meaning of Subdivision 30 of Art. 1995, V.A.C.S., and that the primary issue is whether the plaintiff has proved by sufficient evidence that a violation of Art. 911b occurred in Lubbock County, Texas. In discussing various situations coming within the purview of Subdivision 30 of Art. 1995, which prescribes that venue shall be governed by the law regulating the particular character of action involved in the suit, it is stated in 1 McDonald, Texas Civil Practice, § 4.37, at 557: "Given a venue exception, the burden rests upon the plaintiff to establish the determinative venue facts."

The plaintiff points out in its brief that there are no appellate cases setting out the venue facts necessary for proof under Art. 1690b. It is significant to note that in plaintiff's sworn controverting plea it relied upon the commission of offenses within the meaning of Sec. 9 of Art. 1995, along with Art. 911b and the respective sections of Art. 1690b as being a statutory directive within Exception 30 of Art. 1995, to establish venue in this case. However, we observe that plaintiff's allegation of Sec. 9 was not urged during the plea of privilege hearing or in its appellate brief.

In cases involving the imposition of civil penalties or sanctions it has been held that the plaintiff is required to show a meritorious cause of action. In the case of Taylor v. Whitehead, 88 S.W.2d 716 (Tex. Civ.App.—Fort Worth 1935, no writ), involving a suit for the recovery of a statutory penalty for the charging of usurious interest under a particular statute dealing with such subject, it was held that a defendant cannot be required to answer a suit in a county other than that of his residence unless the plaintiff can introduce proof, prima facie, to show a right of recovery in the first instance. In the case of Flowers v. Dempsey-Tegeler & Co., 472 S. W.2d 112 (Tex.Sup.1971), a suit involving

the imposition of civil sanctions in connection with alleged violations of registration requirements of the Securities Act, it was pointed out that the plaintiff in contesting a plea of privilege is required to prove a cause of action.

With respect to issues involving the commission of a crime or offense, such as that within the purview of Exception 9 to Art. 1995, the proof of the fact of the commission of the offense is an essential part of the venue proof. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935). Further, proof of the fact of the commission of the offense is as essential as proof of the place where it was committed. Gann v. Murray, 151 Tex. 130, 246 S.W.2d 616 (1952), and this proof must include evidence of each element of the offense. Wiederkehr v. Coker, 304 S.W.2d 185 (Tex.Civ.App.—Eastland 1957, no writ); Downs v. McCampbell, 203 S.W.2d 302 (Tex.Civ.App.—Austin 1947, no writ).

Under Art. 911b and Sections (b) and (c) of Art. 1690b, the special statute involved here, in order to constitute an offense or violation it must be shown by competent evidence that the defendant does not hold the required certificate or permit from the Railroad Commission of Texas; that such defendant actually transported property for compensation or hire over public highways between two or more incorporated cities, towns, or villages; and that such alleged violations occurred in Lubbock County. The State introduced certain exhibits and evidence indicating that New Lynn Gin Company, Wilson, Texas, had issued checks to "Herbert Huff," identified as the same person as "Arthur Herbert Huff," in payment for hauling cotton seed, and that Paymaster Gin Co., Lubbock, Texas, had issued receipts for certain loads of cotton seed indicating New Lynn Gin, Wilson, Texas, as a customer and "Huff" as a truck driver. It is clear, however, that there was no proof

that the defendant did not have the required certificate or permit from the Railroad Commission, and it is our opinion that, in the instant case, the State as plaintiff, failed to prove its cause of action—the various elements of the violation—by sufficient evidence, or that the violations constituting its alleged cause of action occurred in Lubbock County, Texas.

The plaintiff relies upon the case of Cole v. Western Brick & Supply Co., 364 S.W.2d 761 (Tex.Civ.App.—Amarillo 1963, writ dism'd), wherein the court held that the special venue statute pertaining to suits for collection for labor and materials furnished on projects contracted by the State or political subdivisions placed the venue in the county in which the project or work or any part of it was situated. In the *Cole* case, it was stipulated that the materials were delivered to the project. Also, it was undisputed that the project was constructed in the county in which the suit was instituted, and all facts or elements necessary to bring the case within the requirements of the special statute governing the venue were clearly established. We believe that this case is distinguishable in that all of the elements of the alleged violations necessary to establish a cause of action against the defendant were not proven by the evidence shown in the record. The plaintiff has also cited Flowers v. Dempsey-Tegeler & Co., supra, wherein the Securities Act there involved·was a special statute directive of the venue. In that case the court held that had the venue hearing been a trial on the merits of the case the record would support a judgment for the plaintiffs. Thus, the plaintiffs had proved a cause of action; however, in our opinion this was not accomplished in the case at bar.

In plaintiff's fourth and fifth points of error, it contends that the court erred in allowing the defendant the right to refuse to testify against himself and that such privilege must be raised by the defendant

and not by his attorney. The plaintiff called the defendant as a witness, obviously for the purpose of seeking to prove by him certain of the required elements of the violations of Art. 911b which the State had alleged against him. After the defendant was sworn as a witness, but before he was asked any questions, his attorney requested that the court " . . . advise Mr. Huff fully as to his rights to refuse to answer questions which might or could incriminate him in any criminal matter."

■■ Under this record, when the defendant was called by the plaintiff and sworn as a witness his attorney properly requested the court to instruct him concerning his privilege against self-incrimination. After considerable legal argument by counsel for plaintiff and defendant concerning the applicability of the privilege against self-incrimination in this case, the court made it known that the right of the defendant to refuse to testify to any matters that might incriminate him was recognized and that the hearing would proceed as if the privilege had been personally claimed by the defendant. No exception to such pronouncement or ruling was made by the plaintiff. The plaintiff's attorney asked the defendant no questions, nor made any request to question the witness as a predicate for a bill of exception to the court's ruling. See Rule 372, Texas Rules of Civil Procedure. The defendant did not personally assert his right to refuse to answer any question which he considered might tend to incriminate him, for he was asked no question, made no statement and gave no testimony whatsoever. The plaintiff's counsel then called as a witness a captain of the License and Weight Service of the Texas Department of Public Safety and sought to establish through his interrogation that the Department of Public Safety would not seek criminal prosecution against the defendant for violations relating to the period involved in this civil case. It is elementary that only the prosecuting

attorney and the court can grant immunity from criminal prosecution. See Tischmacher v. State, 146 Tex.Cr.R. 464, 176 S. W.2d 188 (1943). No immunity was granted to the defendant in this case.

■ The appellant contends that the defendant's privilege to refuse to testify was not applicable because the State was seeking to impose only the civil sanctions under the Motor Carrier Act. In support of its position the State relies upon the holding in Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), a case involving a penalty for violation of the income tax laws, wherein the court pointed out that the sanction imposed being civil in nature, the defendant had no right to refuse to testify. It should be noted, however, that in *Helvering,* under the facts as they existed, any answers given would expose the defendant only to civil liability. There was no possibility of criminal prosecution for the defendant had already been tried and acquitted of criminal charges arising out of the same circumstances for which the government was seeking to enforce civil liability. Further the rule is well established that a person cannot be compelled to incriminate himself in any kind of a case in which one is called as a witness, including civil as well as criminal cases. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Fleishman v. State, 91 S.W.2d 493 (Tex.Civ.App.—Texarkana 1936, no writ); Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944). In the case of Meyer v. Tunks, 360 S.W.2d 518 (Tex.Sup.1962), a suit to remove a sheriff from office, the Texas Supreme Court held that the case was civil and that the defendant could be required to subject himself to oral deposition before trial, *subject to the right to refuse to answer on the ground of self-incrimination.* Also, where the defendant is on the stand as a witness, the usual rule is that his counsel may not make the claim for him. Fleishman v. State, supra. In order to invoke the privi-

lege against self-incrimination, a witness in a civil case cannot sit silently and refuse to answer a question, but he must swear that to give an answer would incriminate him in criminal prosecution. Sovereign Camp Woodmen of the World v. Bailey, 163 S. W. 683 (Tex.Civ.App.—San Antonio 1914, no writ). The proper procedure is for counsel to raise the point and ask that the witness be apprised of his rights. 1 McCormick & Ray, Texas Evidence § 434 (2d ed. 1956), at 368. The witness, upon being questioned, if he so desires, may then invoke his privilege against self-incrimination.

■ Under this record, since the State made no interrogation of the witness, and in the absence of exception to the trial court's pronouncement, or without seeking to make a bill of exception concerning the court's ruling, the State cannot prevail in its contentions concerning the lack of testimony from the defendant under which it may have sought to establish certain essential elements of the violations forming the basis of its alleged cause of action against the defendant, and which were not otherwise proven at the time the plaintiff rested its case.

In view of the foregoing, it is our opinion that the State failed to meet its burden of proving the elements of the violations of the Texas Motor Carrier Act and therefore did not establish its alleged cause of action against the defendant in order that venue may be maintained in Lubbock County under the applicable statutes. Appellant's first and second points of error are overruled. This holding is dispositive of the venue question in this case and pretermits further consideration of the other specific points raised by the appellant.

Accordingly, the judgment of the trial court sustaining the defendant's plea of privilege is affirmed.