Nashua District Court
No. 7374

STATE OF NEW HAMPSHIRE

v.

PAUL CARRAHER

July 27, 1976

*David H. Souter,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*James A. Connor,* by brief, for the defendant.

PER CURIAM. The sole issue involved in this transfer is whether a hearing before the Nashua District Court held in the aldermanic chamber in the city hall violated the defendant's constitutional rights.

Defendant was found guilty after trial of a charge of possession

of marijuana. Prior to the trial, defendant had moved that the case be dismissed on the ground that he had a constitutional right to have a hearing in a regularly constituted courtroom, and that a hearing held in the aldermanic chamber in the city hall was not the usual and ordinary place for consideration of the charges. The issue was reserved and transferred by *Pantelas*, J.

Under the circumstances of this case, no error resulted when the trial was held outside the regularly authorized courthouse. The locus of a hearing is within the discretion of the court, guided by its primary concern for the achievement of ultimate justice. *United States v. Haderlein,* 118 F. Supp. 346 (N.D. Ill. 1953); Annot., 18 A.L.R.3d 572, 580 (1968).

Defendant has failed to show how he was prejudiced by the hearing held in the aldermanic chamber. We cannot say that the refusal to dismiss the case was improper where no prejudice resulted from conducting the proceeding outside the usual courtroom. *Harris v. United States,* 261 F.2d 792, 798 (9th Cir. 1958), *cert. denied,* 360 U.S. 933 (1959); *Tischmacher v. State,* 146 Tex. Crim. 464, 176 S.W.2d 188 (1943); 20 Am. Jur. 2d *Courts* § 40 (1965). Nothing in this opinion however relieves the city of Nashua from its duty to furnish adequate facilities for the court. *See In re Jones,* No. 7292, decided this date.

*Exceptions overruled.*

GRIFFITH, J., did not sit.