DAHLSTROM CORPORATION et al., Appellants,

v.

ASPHALT EQUIPMENT, INC. OF NEW MEXICO, Appellee.

No. 6543.

Court of Civil Appeals of Texas, El Paso.

Oct. 27, 1976.

Rehearing Denied Nov. 17, 1976.

John F. Tomlin, Pecos, for appellants.

Studdard, Melby & Schwartz, Harold E. Crowson, Jr., Jonathan D. Schwartz, Jr., El Paso, for appellee.

OPINION

OSBORN, Justice.

This is a venue case. The order of the trial Court overruling the Appellants' pleas of privilege is reversed and the case is ordered transferred to the resident counties of each of the respective Appellants.

The Appellee filed suit under the provisions of the McGregor Act, Article 5160, et seq., Tex.Rev.Civ.Stat.Ann., to recover for work performed as a subcontractor against a prime contractor and its bonding company. The work was performed in Culberson County where this suit was filed. The prime contractor and its bonding company, the Appellants herein, timely. filed pleas of privilege to have the case transferred to the county of their residence, namely Tarrant County and Dallas County. The Appellee did not file a controverting affidavit within ten days as provided for in Rule 86, Tex.R. Civ.P. Instead, it filed a motion to strike the pleas of privilege a little over two weeks after the pleas of privilege had been filed. The trial Court set the matter for hearing and subsequently entered an order overruling the pleas of privilege.

The Appellants present three points of error, all closely related, complaining of the trial Court's determination of the venue question. The points are all sustained.

Article 5160–G, Tex.Rev.Civ.Stat.Ann., provides in part as follows:

"G. All suits instituted under the provisions of this Act shall be brought in a court of competent jurisdiction in the county in which the project or work, or any part thereof, is situated. * * * "

The basic issue in this case, and the one upon which the parties differ, is whether or not Article 5160 is a special statute coming under the provisions of Subdivision 30 of Article 1995, Tex.Rev.Civ.Stat.Ann. If Subdivision 30 of the venue statute is applicable, then the normal venue procedures apply, and a controverting affidavit must be filed in order to sustain venue in any county other than that urged in the plea of privilege. That is the holding of the Court in *Cowan v. State*, 356 S.W.2d 170 (Tex.Civ. App.—Austin 1962, writ dism'd), where the issue involved venue under Article 7436, Tex.Rev.Civ.Stat.Ann. In that case, the Court said:

"In view of the holding of the Supreme Court of Texas in *Universal Credit Co. v. Dunklin*, supra, [129 Tex. 324, 105 S.W.2d 867], if Art. 7436, V.C.S. is a special stat-

ute coming under the provisions of Sec. 30, Art. 1995, appellant's plea of privilege could only be attacked by appellee by timely filing his controverting plea asserting the right to maintain venue in the District Court of Williamson County, Texas, under Exception 30 and could not be attacked by appellee's motion to quash or any other similar pleading not filed in accordance with Rule 86."

Thus, it can be seen that if Article 5160 is a special statute coming under the provisions of Subdivision 30, then the Appellee's motion to strike the Appellants' plea of privilege in this case is of no benefit where a controverting plea was not filed in accordance with Rule 86.

The answer to the question concerning the applicability of Article 5160 is found in *Cole v. Western Brick & Supply Company*, 364 S.W.2d 761 (Tex.Civ.App.—Amarillo 1963, writ dism'd), where Chief Justice Denton writing for the Court said:

"Article 5160(G) is a special venue statute pertaining to suits for the collection for labor and materials furnished prime contractors on projects contracted by the State or any of its political subdivisions. A statute of this nature which authorizes a particular action and procedure and describes its venue is especially made a part of the venue statutes by the very terms of Subdivision 30 of Article 1995. *Universal Credit Company v. Dunklin*, 129 Tex. 324, 105 S.W.2d 867. *Ballard v. Shock*, (Tex.Civ.App.), 91 S.W.2d 385."

We conclude from that decision that Article 5160 is controlled by Subdivision 30 of Article 1995, and venue as to any county other than that of the residence of the Appellants cannot be put in issue other than by a controverting plea. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967).

The order of the trial Court is reversed and the pleas of privilege are sustained. The suit against Dahlstrom Corporation is ordered transferred to a District Court of Tarrant County, Texas, and the suit against The Travelers Insurance Company is or-

dered transferred to a District Court of Dallas County, Texas.