**ALLIED FINANCE COMPANY,**
Appellant,

v.

**Carlos I. MIRO, Appellee.**

**No. 5843.**

Court of Civil Appeals of Texas, Waco.

July 6, 1978.

Rehearing Denied Aug. 10, 1978.

George E. Bowles and John L. Estes, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

Phillip A. Pfeifer and Craig Lewis, Fisher, Roch & Gallagher, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Allied Finance Company from an order overruling its plea of privilege.

Plaintiff Miro sued defendant Allied Finance in Harris County on claims for usury and violations of the Consumer Credit Code. Allied filed its plea of privilege to be sued in Dallas County, the county of its residence. Plaintiff controverted asserting venue maintainable in Harris County by virtue of Article 1995, Subdivision 30, and Articles 5069–1.06 and 5069–8.04.

The trial court after hearing overruled defendant's plea of privilege.

Defendant appeals on one point: "The trial court erred in overruling Appellant's Plea of Privilege because Appellee failed to introduce any evidence which tended to prove an essential venue fact, namely, that he paid any interest, time price differential, or other charge in excess of the lawful rate to appellant."

Subdivision 30, Article 1995 provides "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 5069–1.06 in Subdivisions 1 and 2 prescribes the penalties for usury, and states in Subdivision (3) "All such actions brought under this Article shall be brought in any court of this State having jurisdiction thereof within four years from the date when the usurious charge was received or collected in the county of the defendant's residence, or in the county where the interest in excess of the amount authorized by this Subtitle has been received or collected, or where such transaction had been entered into or where the parties who paid the interest in excess of the amount authorized by this Subtitle resided when such transaction occurred, *or where he resides.*" [1]

Article 5069–8.04 similarly provides: "All such actions under this Subtitle, * * * shall be brought * * *, or where the parties who paid the interest, time price differential or other charge in excess of the amount authorized in this Subtitle resided when such transaction occurred, *or where he resides.*" [1]

Plaintiff proved that he was a resident of Harris County at the time of filing suit; and plaintiff's petition is clear that plaintiff sues defendant for usury prohibited by Articles 5069–1.02 et seq. and violations of the Consumer Credit Code prohibited by Article 5069–2.01 et seq.

Plaintiff did not prove that he paid or was charged usury.

Defendant asserts in its brief that the sole question on this appeal is whether plaintiff in suit for usury or violation of the Consumer Credit Code, need only prove his county of residence at the time of filing suit in order to retain venue in such county, or whether he must also prove the existence of usury or the Consumer Code violation alleged.

Prior to present Articles 5069–1.06 and 5069–8.04, Article 5073 required a plaintiff in a usury case to prove usury when he sought to maintain venue in a county other than that of the defendant's residence. See: *Universal Credit Co. v. Dunklin*, 129 Tex. 324, 105 S.W.2d 867.

Under Article 5069–1.06 and 8.04 venue is authorized: 1) In the county of the defendant's residence; 2) In the county where excess interest (or violation) has been received or collected; 3) Or where the transaction was entered into; 4) Or where the party who paid excess interest resided when the transaction occurred; or 5) "Where he resides." "Or where he resides" refers to the party who paid "excess interest" in 5069–1.06, and refers to the party who paid "excess interest or other charges in excess of the amount authorized" in 5069–8.04; in this case, the plaintiff.

*Donald v. Agricultural Livestock Finance Corp.*, Tex.Civ.App. (Fort Worth) NWH, 495 S.W.2d 592 holds that in a usury case under Article 5069–1.06 (subdivision 3) the plaintiff can sue and maintain venue in the county where plaintiff resides at the time of suit, and that proof of usury is not additionally required.

The Legislature saw fit in 1967 to add the last alternative "or where he resides" to the other provisions of Article 5069–1.06 and 8.04 authorizing venue. They did not make any further requirement and we do not feel authorized to engraft additional requirements.

Defendant's point is overruled.

AFFIRMED.

1. Emphasis ours.