James O. Cure, Temple, for appellants.

John Malone, Clark & Vannatta, Waco, for appellee.

---

**BELL COUNTY SOLAR CONTROL CORP. et al., Appellants,**

v.

**FITTING SUPPLY COMPANY, INC., Appellee.**

**No. 6161.**

Court of Civil Appeals of Texas, Waco.

Dec. 20, 1979.

Rehearing Denied Jan. 31, 1980.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Bell from an order granting defendant Fitting Supply's plea of privilege.

Plaintiff Bell Solar Control Corporation, et al., sued defendant Fitting Supply Company in Bell County for usury under Article 5069–1.03. Defendant filed its plea of privilege to be sued in the county of its residence, McLennan County. Plaintiffs filed a controverting plea.

After hearing the trial court sustained defendant's plea of privilege.

Plaintiff appeals contending the trial court erred in sustaining defendant's plea of privilege, because in a usury case the plaintiff is not required to prove usury in order to maintain venue in the county of his residence at the time of suit.

Subdivision 30, Article 1995 provides:

"Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given".

Article 5069–1.06 in Subdivisions 1 and 2 prescribes the penalties for usury, and states in Subdivision 3) "All such actions brought under this Article shall be brought in any court of this State having jurisdiction thereof within four years from the date when the usurious charge was received or collected in the county of the defendant's residence, or in the county where the interest in excess of the amount authorized as this Subtitle has been received or collected, or where such transaction had been entered into or where the parties who paid the interest in excess of the amount authorized by this Subtitle resided when such transaction occurred, *or where he resides [1]*".

Article 5069–8.04 similarly provides: "All such actions brought under this Subtitle * * * shall be brought * * *, or where the parties who paid the interest, time price differential or other charges in excess of the amount authorized in this Subtitle resided when such transaction occurred, *or where he resides*".

Plaintiffs proved they were residents of Bell County at the time of filing suit, and plaintiffs' petition is clear that plaintiffs sued defendant for usury prohibited by Article 5069–1.03 et seq. VATS.

Plaintiffs did not prove that they in fact paid or were charged usury. Plaintiffs assert they did not have to prove usurious interest in order to maintain venue in the county of plaintiffs' residence at time of suit; defendant asserts that proof of usury is required.

Under Article 5069–1.06 and 8.04 venue is authorized: 1) In the county of the defendant's residence; 2) In the county where excess interest (or violation) has been received or collected; 3) Or where the transaction was entered into; 4) Or where the party who paid excess interest resided when the transaction occurred; or 5) "Where he resides". "Or where he resides" refers to the plaintiff.

Thus, in a usury case under Article 5069–1.06 (Subdivision 3) the plaintiff can sue and maintain venue in the county where plaintiff resides at the time of suit, and proof of usury is not additionally required.

The Legislature saw fit in 1967 to add the last alternative "or where he resides" to the other provisions of Article 5069–1.06 theretofore in force authorizing venue. They did not make any further requirement and we are not authorized to engraft additional requirements. *Donald v. Agricultural Livestock Finance Corp.*, Tex.Civ.App. (Ft. Worth) NWH, 495 S.W.2d 592; *Allied Finance Co. v. Miro*, Tex.Civ.App. (Waco) NWH, 568 S.W.2d 910.

Plaintiffs' point and contention sustained.

REVERSED AND REMANDED.