**COUCH MORTGAGE COMPANY and Associated Properties, Inc., Appellants,**

v.

**B. Robert MALLORY, Erna C. Mallory, Roy D. Mitchell, Geneva B. Mitchell, and Dorothy L. Shaw, Appellees.**

**No. 1773.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 28, 1980.

Rehearing Denied Nov. 13, 1980.

Peter C. Coselli, Robert H. Fisher, Carl, Lee & Fisher, Sugarland, for appellants.

William Dewitt Alsup, Kim Cox, Alsup & Alsup, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is an appeal by defendants, Couch Mortgage Company and Associated Properties, Inc., from an order overruling their pleas of privilege. Plaintiff, B. Robert Mallory, sued defendants in Nueces County on a claim of usury arising out of the execution of two promissory notes. Defendants filed their pleas of privilege to be sued in Harris County, their county of residence. Plaintiff controverted, asserting venue was maintainable in Nueces County by virtue of Tex.Rev.Civ.Stat.Ann. art. 1995 (30) and art. 5069–1.06(3). The trial court overruled defendants' pleas of privilege.

Defendants bring forth two points of error on appeal. They first contend that the trial court erred in overruling their pleas of privilege by holding as a matter of law that plaintiffs were not obliged to allege and prove a meritorious cause of action for usury as a necessary venue fact. Our decision on this point makes it unnecessary to decide the second point of error.

The Supreme Court has recently reaffirmed its previous holding requiring a plaintiff in a plea of privilege suit, based on a usury claim, to allege and prove that he has both a meritorious cause of action and that he resides in the county of suit. *Fitting Supply Company, Inc. v. Bell County Solar Control Corporation,* 605 S.W.2d 856 (1980). See also *Universal Credit Co. v. Dunklin,* 129 Tex. 324, 105 S.W.2d 867 (1937).

The record that is before us shows that the trial court, without hearing testimony or taking any evidence, considered only cer-

tain stipulations which constituted a holding that the plaintiff was only required to prove his county of residence and the allegation that usurious interest had been charged by the defendants. Since the record shows that plaintiff failed to establish the necessary venue facts required to maintain suit in Nueces County, the judgment must be reversed.

It is clear to us that the case has not been fully developed. We, therefore, remand the case for a trial on the matter of venue.

Although it is not necessary to decide appellants' second point of error concerning rulings of the trial court on certain discovery matters, it might be proper for the trial court in retrial to reconsider the defendants' motions so that the question of a meritorious cause of action, vel non, can be adequately developed.

Reversed and remanded.