O. Dean COUCH, Jr. d/b/a Couch Mortgage Company, Associated Properties, Inc., and American Title Company, Appellants,

v.

B. Robert MALLORY and Erna C. Mallory, Appellees.

No. 2545cv.

Court of Appeals of Texas, Corpus Christi.

July 26, 1982.

Rehearing Denied Sept. 9, 1982.

Peter C. Coselli, Carl, Lee & Fisher, David N. Gray, Minter, Mahon & Gray, Houston, for appellants.

Wm. Dewitt Alsup, Alsup & Alsup, Corpus Christi, for appellees.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is an appeal by the defendants, O. Dean Couch, Jr., d/b/a Couch Mortgage Co., Associated Properties, Inc., and American Title Co., from an order overruling their pleas of privilege. The plaintiffs, B. Robert Mallory and Erna C. Mallory, filed this action in Nueces County seeking damages for usury and deceptive trade practices. The defendants filed pleas of privilege to be sued in Harris County. Following a hearing, the trial court denied the defendants' pleas of privilege.

In 1978, the plaintiffs contacted Couch Mortgage Co. in Houston for the purpose of borrowing money to purchase two single family residences in Harris County. Couch Mortgage Co. arranged to have Associated Properties lend the plaintiffs the necessary funds. American Title acted as the closing agent for the transaction.

The plaintiffs signed two promissory notes which named Associated Properties as payee. Both notes bore interest at the rate of 10% per year. In addition to this 10% interest, the plaintiffs paid brokerage or origination fees in the amount of $1,940.00 on one loan and $1,800.00 on the other. These fees, which the plaintiffs never contracted to pay, were denominated as commitment fees on the closing statements.

The plaintiffs filed this action in Nueces County, contending that the brokerage or origination fees, in addition to the 10% interest charged to them, constitute usury in violation of Tex. Rev. Civ. Stat. Ann. art. 5069–1.06(1) (Vernon Supp. 1981). They further contended that the defendants engaged in unspecified deceptive trade practices in violation of Tex. Bus. & Comm. Code Ann. §§ 17.46 et seq. (Vernon Supp. 1981).

In their original petition, the plaintiffs named Couch Mortgage Co. and Associated Properties, Inc., both Texas Corporations, as defendants. Couch Mortgage and Associated Properties, Inc., filed pleas of privilege to be sued in Harris County. These pleas were controverted by Robert Mallory, but not by Erna Mallory.

Thereafter, the plaintiffs amended their petition by dropping Couch Mortgage Co. as a defendant, and by adding O. Dean Couch and American Title as defendants. O. Dean Couch and American Title both filed pleas of privilege to be sued in Harris County. American Title's plea was timely controverted by Robert Mallory. The plaintiffs, however, failed to timely controvert O. Dean Couch's plea of privilege.

The trial court conducted a hearing on the defendants' pleas of privilege. At this hearing, the plaintiffs contended that venue was proper in Nueces County under Tex. Rev. Civ. Stat. Ann. arts. 1995, subdv. 29a and 30 and 5069–1.06(3) (Vernon Supp. 1981). The defendants contended that no exception to the general venue rule existed and that venue was proper only in Harris County. The trial court entered an order which overruled the defendants' pleas of privilege.

Subsequent to this hearing, Robert Mallory filed a document entitled "Motion For Leave To Clarify Controverting Plea of Privilege" in which he sought the court's permission to file an untimely controverting plea to O. Dean Couch's plea of privilege. Although this motion purported to allege good cause for the late filing of the controverting plea, no evidence thereof was presented to the court. Nonetheless, the motion was granted, and Robert Mallory was permitted to controvert O. Dean Couch's plea of privilege *after* the hearing on the plea had been held.

Defendants O. Dean Couch, Associated Properties, Inc. and American Title Co. have all appealed the trial court's order overruling their pleas of privilege. Since they each raise different points of error, we will discuss their contentions separately.

### AMERICAN TITLE CO.

American Title raises four points of error. We have carefully considered these points and hold that they all should be sustained.

During the venue hearing, the plaintiffs were permitted to use against American Title three depositions which were conducted *before* American was joined as a defendant. This clearly was error. *Elizondo v. Tavarez,* 596 S.W.2d 667, 670 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.); *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931, 937 (Tex. Civ. App.—Corpus Christi 1971, no writ). Therefore, in deciding American Title's remaining points of error, we cannot consider the depositions in question.

The only non-deposition testimony offered against American Title was the testimony of the plaintiff Robert Mallory. Regarding the actions of American Title, Mallory testified as follows:

Q [By Mr. Gray] You did not get a loan from American Title, did you?

A No, sir.

Q In fact, the only thing that American Title did was to have the closing, submit the papers to you, you signed them and they distributed them to whoever were entitled to them; is that not correct?

A That's pretty much correct, yes.

\* \* \* \* \* \*

Q There has been introduced some promissory notes in this matter that are signed by you—

A Uh-huh.

Q —two of them. Have you been paying those notes?

A We have.

Q And to whom do you pay them?

A Well, we pay those to Couch Mortgage.

Q All right. You don't pay them to American Title, do you?

A No.

Q When you arranged for this loan that you ultimately received, either from Couch or Associated, did you arrange for those loans through American Title Company?

A No."

We hold that the plaintiffs failed to establish a meritorious cause of action for usury against American Title. The above quoted testimony shows that American Title neither contracted for, charged, nor received interest from the plaintiffs. Further, the evidence is insufficient to support a finding that American Title engaged in deceptive trade practice.

### O. DEAN COUCH, JR.

Dean Couch contends that the trial court erred in overruling his plea of privilege because the plaintiffs failed to timely controvert it. We agree.

The record reflects that the plaintiffs did not controvert Couch's plea until *after* the venue hearing. Although Robert Mallory, as noted above, obtained leave to file an untimely controverting plea, he presented no evidence showing good cause for the late filing of this plea.

Rule 86, T.R.C.P., requires a controverting plea to be filed within ten days after receipt of the plea of privilege. However, the plaintiff, with leave of court, may file a controverting plea *after* the expira-

tion of this ten day period if he pleads and *proves* good cause for the late filing. *Reyes v. Texas Employers Ins. Ass'n.,* 581 S.W.2d 268, 272 (Tex. Civ. App.—Waco 1979, writ dism'd); *Eagle Life Ins. Co. v. Owens,* 549 S.W.2d 243, 244–245 (Tex. Civ. App.—Texarkana 1977, writ dism'd); Rule 5, T.R.C.P. The burden is on the plaintiff to *present evidence* establishing good cause. *Buddies Super Markets, Inc. v. Metcalf,* 515 S.W.2d 927, 928 (Tex. Civ. App.—Austin 1974, no writ). The mere allegation of good cause is insufficient to permit the late filing of a controverting plea. *Bond v. Lewis,* 496 S.W.2d 181, 184 (Tex. Civ. App.—Waco 1973, no writ).

■ We have carefully examined the record and find no indication that any proof of good cause was offered or received. Under such circumstances, the trial court was without authority to enter any order other than one transferring the cause against O. Dean Couch, Jr. to the proper court. *See Poston Feed Mill Co. v. Leyva,* 438 S.W.2d 366, 369 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ dism'd).

## ASSOCIATED PROPERTIES, INC.

Associated contends that the plaintiffs failed to establish a meritorious cause of action for usury against it. We disagree.

To maintain venue in Nueces County under Tex. Rev. Civ. Stat. Ann. arts. 1995(30) and 5069–1.06(3) (Vernon Supp. 1981), the plaintiffs were required to plead and prove that they have a meritorious cause of action for usury *and* that they reside in the county of suit. *Fitting Supply Co. v. Bell County Solar Control Corp.,* 605 S.W.2d 856 (Tex. 1980); *Couch Mortgage Co. v. Mallory,* 608 S.W.2d 766 (Tex. Civ. App.—Corpus Christi 1980, writ dism'd). "The essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower." *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex. 1982).

■ In this case, it is undisputed that the plaintiffs obtained two loans from Associated Properties, Inc. and that there was an absolute obligation to repay the principal amount of the loans. At all times pertinent to this appeal the maximum interest rate allowable to be charged was 10% per annum. It is also undisputed that the promissory note bore interest at the rate of 10% per year and that in addition to this interest, the Mallorys paid $1,940.00 for one loan and $1,800.00 for the other. We hold that the plaintiffs sufficiently established a meritorious cause of action for usury against Associated Properties. Since the record further establishes that the Mallorys reside in Nueces County, we hold that the trial court correctly overruled Associated Properties' plea of privilege. Associated Properties' first two points of error are overruled.

■ Associated Properties next contends that the trial court erred "by refusing to adopt appellants' proposed findings and conclusions relating to a defense to the claim of usury." This contention is without merit. Defenses and evidence which negate liability are immaterial in a plea of privilege hearing. *General Motors Acceptance Corp. v. Howard,* 487 S.W.2d 708, 710–711 (Tex. 1972); *Cemco, Inc. v. World Wide Investors,* 487 S.W.2d 833, 838 (Tex. Civ. App.—Waco 1972, no writ).

Associated Properties' remaining point of error contends that the trial court erred in overruling its plea of privilege as to Erna Mallory because she filed no controverting plea.

■ As noted above, all controverting pleas were filed by Robert Mallory; none were filed in the name of Erna Mallory. However, Robert and Erna Mallory are both claiming that Associated Properties charged them usurious interest on notes jointly executed by them. If the interest is not usurious, neither of the plaintiffs can recover. We therefore hold that under the facts of the case, the controverting plea filed by Robert Mallory inured to the benefit of his wife Erna. *See Danaho Refining Co. v. Dietz,* 378 S.W.2d 412, 414 (Tex. Civ. App.—Corpus Christi 1964, no writ).

## JUDGMENT

For the above reasons, the portion of the order which overruled the pleas of privilege filed by American Title Co. and O. Dean Couch, Jr. is reversed and judgment is here rendered ordering that the cause as to American Title Co. and O. Dean Couch, Jr., be transferred to Harris County for trial on the merits. The portion of the order which overruled Associated Properties' plea of privilege is affirmed.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.