Stefan RENARD, Appellant,

v.

PARK TEN MUNICIPAL UTILITY DISTRICT and Harris County, Texas, Appellees.

No. 01–89–01206–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1990.

John Leger, Dale Jefferson, Houston, for appellant.

Bruce Mayer, Frank Sanders, Houston, for appellee.

Before DUGGAN, MIRABAL and DYESS[1], JJ.

## OPINION

DUGGAN, Justice.

Stefan Renard appeals from a take-nothing summary judgment in favor of appellees, Park Ten Municipal Utility District ("Park Ten") and Harris County. Appellees obtained summary judgment based on the affirmative defense that Renard did not properly notify them of the incident that was the basis of his claim.

Renard and his wife sued various defendants, including Park Ten and Harris County, for injuries sustained when Renard's car struck a fixed object on June 12, 1985. Renard alleged that his car struck a large amount of mud in a roadway located within Park Ten's boundaries, causing him to lose control of his vehicle and strike a fixed object. At the time of the collision, a retention pond was being constructed close to the road, and a large quantity of earth was excavated, allowing mud to accumulate on the road following a rainfall. Renard alleged various theories of liability against both Park Ten and Harris County.

Both Park Ten and Harris County were granted take-nothing summary judgments on grounds that Renard did not notify them of his claim as required by the Texas Tort Claims Act ("the Act"). *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(a) and (c) (Vernon 1986).[2] Renard's claim against Park Ten was severed, and a final summary

---

1. The Honorable A.D. Dyess, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Section 101.101 states in pertinent part:
   (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
   (1) the damage or injury claimed;
   (2) the time and place of the incident; and
   (3) the incident.
   . . . .
   (c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

judgment was granted in favor of Park Ten.

■ The record does not indicate that Renard's claim against Harris County was severed or the subject of a final judgment. Absent an order of severance, a party against whom an interlocutory summary judgment has been rendered cannot appeal until the partial judgment is merged into a final judgment disposing of the whole case. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984); *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 551–2, 324 S.W.2d 200, 201 (1959). Renard has not perfected his appeal with respect to Harris County.

■ Renard's sole point of error asserts that the trial court erred in finding, as a matter of law, that he did not properly notify Park Ten of his claim. Renard observes that the Act provides that "[t]he notice requirements . . . do not apply if the governmental unit has *actual notice* that . . . the claimant has received some injury." TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(c) (Vernon 1986) (emphasis added).

Renard concedes that the term "actual notice" is defined in a federal decision, *Bell v. Dallas–Fort Worth Regional Airport Bd.,* 427 F.Supp. 927, 930 (N.D.Tex.1977), where the court held that

> the knowledge the Texas Legislature intended a governmental entity to have to constitute "actual notice" is substantially equivalent to that which the governmental defendant would have had if the claimant had complied with the formal notice requirement.

Renard further concedes that because he gave no formal, written notice pursuant to section 101.101(a), he must prove that Park Ten received actual notice. Renard urges that his response to Park Ten's motion for summary judgment includes attachments that raise a fact question as to whether Park Ten received such notice, thereby precluding summary judgment.

Renard's response includes excerpts from the deposition of Patricia Thayer, a district engineer for Park Ten, who was a project engineer on the job site which contained the mud involved in the collision. Thayer testified that her company, Pate Engineers, received a telephone call from the Harris County Precinct 3 Commissioner's Office advising that an accident had occurred, and that there was mud in the street at the location where Renard's accident allegedly occurred. Thayer did not, however, personally talk with the Precinct 3 office.[3] Harris County's telephone call to Pate Engineers was allegedly received by Kenneth Morris.

Morris, a former engineer for Pate Engineers, testified that he received a telephone call from an individual at Harris County Precinct 3 who stated that the precinct office had received a call from a county deputy sheriff stating that there had been an accident and that there was excess mud on the street. Morris could not remember the date or time of the call, or any other specifics. Morris testified that he then contacted Thayer, and explained to her what he learned from Harris County regarding the mud in the street.

The testimony of Thayer and Morris does not constitute any proof that Park Ten knew that Renard "had received some injury." The two affiants' testimony reveals only that an accident occurred, involving an

---

3. Thayer's deposition testimony is followed by excerpts from the deposition of Jep E. Pate, chief engineer for Pate Engineers. He recalled that Pate's office was called by representatives of Harris County Precinct 3 and informed that some of the mud from the retention pond had flowed over into the street. He could not remember when the call was made. Park Ten asserts that Pate's deposition was taken before it was made a party to the suit, and cannot be used against it. *See Couch v. Mallory,* 638 S.W.2d 179, 181 (Tex.App.—Corpus Christi 1982, writ dism'd); *Elizondo v. Tavarez,* 596 S.W.2d 667, 670 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). We need not reach this question, however, because Pate's testimony does not prove that Park Ten received notice. Pate's testimony does not prove any of the necessary details of the telephone conversation needed to show notice to Park Ten.

unnamed person or persons, the extent of whose damages or injuries was not described, and that mud was on the street at the accident scene. This testimony would not place Park Ten on "actual notice" of Renard's injury because the affidavits do not link the runoff of mud to Renard's accident and resultant injury.

Renard asserts that his own affidavit proves that Harris County was properly notified, and that Harris County notified Pate Engineers which, in turn, sufficed for notice to Park Ten. In oral argument, Park Ten conceded that Pate Engineers is its agent. However, Park Ten contends that because the telephone call from Harris County Precinct 3 to Pate Engineers was deficient in details of the incident—including time and place, and the extent of damage or injuries—the call was not proper notice. We agree. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986). Therefore, we need not address the sufficiency of the notice to Harris County or, in turn, the sufficiency of Renard's affidavit, because there is no link between Harris County and Pate Engineers (Park Ten)

without the telephone call. The telephone call was insufficient as a matter of law to put Pate Engineers (Park Ten) on notice of an injury. Because Park Ten's summary judgment evidence conclusively established its affirmative defense as a matter of law, summary judgment in favor of Park Ten was proper. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

Renard's sole point of error is overruled regarding Park Ten.

The judgment of the trial court as to Park Ten is affirmed.

Renard's unperfected appeal with respect to Harris County is dismissed.